(70 Misc. Rep. 498.)

ISENBERG v. RAINIER et al.

(Supreme Court, Appellate Term. January 12, 1911.)

1. LIMITATION OF ACTIONS (§ 2*)—WHAT LAW GOVERNS.

Code Civ. Proc. § 390a, providing that an action, where the cause of action arises outside the state, cannot be brought after expiration of the time limited by the laws of such state for suing thereon, abolishes the rule that statutes of limitations are a mere rule of local policy, without force in a foreign state, and makes the statutes of limitations of a sister state applicable to a cause of action arising therein; and where the action is barred by such statutes it is barred in New York, and where it is not barred in the sister state it is not barred in New York.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 4–8; Dec. Dig. § 2.*]

**2. LIMITATION OF ACTIONS (§ 87\*)—ACTIONS ON BAIL BONDS—STATUTES.**

Gen. St. Conn. 1902, § 1122, providing that an action on a bond in a civil action must be brought within one year after final judgment in the action, and section 1125, providing that the time during which a party against whom there may be a cause of action shall be without the state shall be excluded, must be construed together so as to give effect to each; and an action on a special bail bond executed in an action in Connecticut is not barred in one year after judgment in the action, where the sureties have not resided in Connecticut after accrual of the cause of action, and have not been in Connecticut, except for occasional trips therein by automobile.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 456–462; Dec. Dig. § 87.\*]

**3. LIMITATION OF ACTIONS (§ 5\*)—STATUTES—CONSTRUCTION.**

Statutes of limitations must be construed and applied according to the specific language of the enactments, and not on any supposed general and abstract principles of equity.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 13–15; Dec. Dig. § 5.\*]

**4. ACTION (§ 63\*)—COMMON-LAW RULE.**

The common law recognizes no period of limitation within which to sue on a cause of action, and unless a statute prescribes a period of limitation none exists.

[Ed. Note.—For other cases, see Action, Cent. Dig. 724; Dec. Dig. § 63.\*]

**5. COURTS (§ 188\*)—MUNICIPAL COURTS—JURISDICTION.**

Under Municipal Court Act (Laws 1902, c. 580) § 1, subd. 3. conferring on the court jurisdiction over an action on a "surety bond or undertaking" taken in any court, the Municipal Court has jurisdiction of an action on a special bail bond executed in a sister state, conditioned on the obligor abiding the judgment of the court in the action against him.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. § 188.\*]

Page, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Barnet Isenberg against John T. Rainier and another. From a judgment of the Municipal Court, dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Charles S. Foote, for appellant.
Olney & Comstock (Frederick H. Van Houten, of counsel), for respondents.

SEABURY, J.   This cause was submitted to the court below upon an agreed statement of facts. The action is upon a written undertaking given in an action in the city court of Stamford, Conn., in which the present plaintiff was the plaintiff and one Horace C. Flanagan was the defendant. This undertaking is known in the statutory law of Connecticut as a "special bail bond." The condition of said bond was that if the said Horace C. Flanagan should appear and abide by the judgment of the said city court of Stamford, and pay any judgment which may be rendered against him in said case, then the

obligation was to be void, and otherwise to remain in full force and effect. This undertaking was signed by the defendants in the present action. Judgment was rendered in the city court of Stamford in favor of the plaintiff and against the said Horace C. Flanagan for $219.90. Execution, duly issued upon said judgment, was returned wholly unsatisfied.

In the present action the defendants contend that the cause of action alleged is barred by the statute of limitations and that the Municipal Court was without jurisdiction of the subject-matter of the action. The learned court below sustained the first contention of the defendants, and therefore found it unnecessary to consider the defendants' second contention, and rendered judgment dismissing the complaint. From this judgment the plaintiff appeals to this court.

It is necessary first to consider the claim that the present action is barred by the statute of limitations. Final judgment was rendered in favor of the plaintiff and against Horace C. Flanagan in the city court of Stamford on March 5, 1909. The present action was commenced on April 6, 1910. The plaintiff is now, and was at all times heretofore mentioned, a resident of the city of Stamford, state of Connecticut, and the defendants are residents of the state of New York, and have been such since on or before the 1st day of March, 1909. The statement of facts concedes:

"That the defendant John Flanagan has been without the state of Connecticut for six weeks prior to April 6, 1910, and that the defendant John T. Rainier has been without the state of Connecticut for said six weeks prior to April 6, 1910, except for occasional trips therein by automobile."

In determining the question presented, it is necessary to consider sections 1122 and 1125 of the General Statutes of Connecticut (Revision of 1902). Section 1122 provides as follows:

"No action shall be brought against the surety on any bond or recognizance for costs only given in any civil action, or on the appeal of any civil cause, or on any bail bond, except within one year after final judgment has been rendered in the suit in which said bond or recognizance was given."

Section 1125 provides as follows:

"In computing the time limited in the several cases aforesaid, the time during which the party against whom there may be any such cause of action shall be without the state shall be excluded from the computation."

Bearing in mind the date when the cause of action arose and the date when the present action was commenced, it is evident that more than a year has elapsed since the cause of action arose, unless we exclude in our computation the time during which the defendants were out of the state of Connecticut.

Statutes of limitation were formerly regarded merely as rules of local policy, which were without force in a foreign state. Ruggles v. Keeler, 3 Johns. 263, 265, 3 Am. Dec. 482. In this state section 390a of the Code of Civil Procedure has altered this rule, and makes the statute of limitations of the state where the cause of action arose applicable. This section provides as follows:

"Where a cause of action arises outside of the state, an action cannot be brought in a court of this state to enforce said cause of action after the ex-

piration of the time limited by the laws of the state or country where the cause, of action arose, for bringing an action upon said cause of action, except where the cause of action originally accrued in favor of a resident of this state."

Such being the situation, we have to determine whether, if the present action were brought in the state of Connecticut, it would be barred by the statute of limitations of that state. If it would be barred in Connecticut, it is barred here. If it would not be barred in Connecticut, it is not barred here. If we consider the general provision of the Connecticut law (section 1122) in connection with the exception contained in the statute of that state (section 1125.), it is evident that the present cause of action would not be barred if it had been instituted in the state of Connecticut. There is no reason or authority which justifies us in applying the general provision (section 1122) and ignoring the exception (section 1125). Both of these provisions must be construed together, and, if possible, they must be so construed as to give effect to each.

Provisions of law similar to those which exist in Connecticut and which are set forth above exist in most of the states of the Union, and while the courts of all the states cannot be said to have adopted a uniform interpretation, yet the great weight of authority holds that an exception such as is contained in section 1125 applies to nonresidents and to those who have never resided in the state, and that it is not to be confined to persons who have before resided within the jurisdiction of the state enacting the statute of limitations. 25 Cyc. 1238. Such is the interpretation which the courts of Connecticut have put upon their own statute. Waterman v. A. & S. Mfg. Co., 55 Conn. 554, 576, 12 Atl. 240; Hatch v. Spofford, 24 Conn. 432.

In England the same interpretation has been adopted. Lafned v. Ruddock, 13 C. B. 813. In this state the rule has long been settled to the same effect. Ruggles v. Keeler, 3 Johns. 263, 264, 3 Am. Dec. 482; Olcott v. Tioga Railroad Company, 20 N. Y. 210, 221, 75 Am. Dec. 393; Moloney v. Tilton, 22 Misc. Rep. 682, 691, 51 N. Y. Supp. 19.

In Ruggles v. Keeler, supra, Kent, C. J., said:

"Whether the defendant be a resident of this state, and only absent for a time, or whether he resides altogether out of the state, is immaterial. He is equally within the proviso. If the cause of action arose out of the state, it is sufficient to save the statute from running in favor of the party to be charged, until he comes within our jurisdiction. This has been the uniform construction of the English statutes, which also speak of the return from beyond the seas of the party so absent. The word 'return' has never been construed to confine the proviso to Englishmen, who went abroad occasionally. The exception has been considered as general, and extending equally to foreigners, who reside always abroad."

In Moloney v. Tilton, 22 Misc. Rep. 682, 691, 51 N. Y. Supp. 19, 26, Beekman, J., said:

"The defendant has also pleaded the statute of limitations. The evidence, however, shows that he was actually residing out of the state at the time of his purchase of the property, and has continued to do so down to the present time. The plea is therefore insufficient as a bar to this action."

Applying the rule of construction discussed in the cases referred to above, it is apparent that if the present action had been instituted in the state of Connecticut it could not be held to be barred by the statute of limitations of that state. The defendants have never been residents of the state of Connecticut since the cause of action accrued, and have never since been within the jurisdiction of that state within the meaning of the statute. Under section 390a of the Code of Civil Procedure the same periods of limitation which prevail in Connecticut are to be applied to an action instituted in this state upon a cause of action arising in Connecticut.

In Olcott v. Tioga Railroad Company, supra, Denio, J., said in discussing a similar statute of this state:

"It cannot be doubted but that it was the general object of the statute of limitations to save the remedy of the creditor in all cases where he was prevented from prosecuting the debtor in our courts, in consequence of the absence of the latter from the state."

The learned court below seems to have felt justified in ignoring the exception contained in section 1125, because, if effect were given to it, no period of limitation would exist while the defendants remained outside of the state of Connecticut. This consequence is no reason for ignoring the plain provisions of the Connecticut statute. Statutes of limitations are to be construed and applied "according to the exact and specific language of the enactments, and not upon any supposed general and abstract principles of equity." Hatch v. Spofford, 24 Conn. 432, 438. The common law recognizes no period of limitation, and unless the statute prescribes a period of limitation none exists.

The statute does provide a period of limitation; but, in accordance with the construction very generally applied to all similar statutes, the period does not commence to run until the plaintiff is in a position to prosecute his remedy against the defendant in the jurisdiction where the cause of action arose. It is our opinion, therefore, that the learned court below was in error in holding that the present action was barred by the statute of limitations.

It is also claimed by the defendants that the Municipal Court, in which the present action was instituted, was without jurisdiction of the subject-matter thereof. This contention is based upon the claim that the present action is upon a "special bail bond," which is an instrument made under the special provisions of the state and court in which it is given, and that, therefore, action upon it must be brought in the same jurisdiction. The rule contended for has no application to this case. The statute distinctly confers jurisdiction upon the Municipal Court of the City of New York. Section 1, subd. 3, of the Municipal Court act (Laws 1902, c. 580), expressly provides that the Municipal Court has jurisdiction over—

"an action upon a surety bond or undertaking in *any* court where the amount claimed in the summons does not exceed the sum of five hundred dollars, exclusive of interest and costs."

The fact that the instrument upon which this action is brought is referred to in the state of Connecticut as a "special bail bond" is im-

material. It is a "surety bond or undertaking," within the meaning of subdivision 3 of section 1 of the Municipal Court act, and an action based upon it is therefore within the jurisdiction of that court.

The cause of action set forth in the complaint not being barred by the statute of limitations and being within the jurisdiction of the Municipal Court, it follows that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

BIJUR, J., concurs.

PAGE, J. (dissenting). I cannot concur in the opinion of my Associates, which in effect holds that the statute of limitations never bars a claim of a nonresident against a resident of this state when the cause of action did not accrue within this state.

Prior to the amendment to the Code of Civil Procedure in 1902, the fact that the plaintiff was a nonresident did not affect the application of the statute of limitations to a cause of action against a resident. The lex fori applied. A nonresident, who had a claim, which, had it been against a resident of his own state, would have been barred by the statute of limitations of the state in which the cause of action arose, could, if our period of limitation was longer, enforce such claim against a resident of this state. In this condition of the law, the Legislature by amendment to our Code of Civil Procedure provided:

"Sec. 390a. Action upon Cause of Action Arising in Another State or Country and Barred by Its Laws.—Where a cause of action arises outside of this state, an action cannot be brought, in a court of this state, to enforce said cause of action, after the expiration of the time limited by the laws of the state or country where the cause of action arose, for bringing an action upon said cause of action, except where the cause of action originally accrued in favor of a resident of this state. Nothing in this act contained shall affect any pending action or proceeding."

It seems to me that this provision of the Code relates only to "the time limited by the laws" of the foreign state, and does not extend to a disability that would arise through absence from that state. The reason that absence from the state should either suspend or prevent the running of the statute of limitations is that, during the absence from the jurisdiction of the court, process that would bring the defendant into court could not be served, and, therefore, where a limited time is given within which process must be served, it would be unjust to impose a disability for the nonperformance of an impossible act. When, however, the nonresident plaintiff brings his action against a person who has been continuously a resident of this state for the period of limitation, the reason would not apply. He could at any time have resorted to this forum, and the process of this court was available to him. The defendants were here, and amenable to the process of our courts.

Absence from the state of Connecticut furnishes a reasonable excuse for not bringing the action in that state. I cannot see any reason why absence from Connecticut should furnish an excuse for not bringing an action in this state. Considering the ease of communication, the rapidity and convenience of travel, that exists to-day, the necessity does not exist for a longer period of limitation upon actions in the state foreign to the one in which the cause of action accrued. I cannot agree with the proposition stated in the prevailing opinion:

"We have to determine whether, if the present action were brought in the state of Connecticut, it would be barred by the statute of limitations of that state."

Section 390a does not thus state the question. It is not whether the plea of the statute of limitations would be available in Connecticut, but whether the time limited by the statute of that state has expired. The cases cited in the prevailing opinion all refer to the question of the effect of the absence of the defendant from the state of the forum, which, as I have endeavored to show, cannot in reason be extended to cover the absence of the plaintiff, and the presence of the defendant, in the state of the forum. There seems to be no case in which this question has been decided in this state. Resort to the decisions of other states is of little avail, because of the difference of phraseology between their statutes of limitation and ours.

The language of section 390a, it seems to me, is plain and capable of a reasonable construction, which is in harmony with all our statutes of limitation, and places all who seek our forum on an equal footing; i. e., if an action be brought against a resident of this state upon a cause of action accruing within the state or by a resident of this state, the action must be commenced within the time limited by our statute of limitation. If, however, the action be brought by a nonresident against a resident of this state upon a cause of action accruing in a foreign state, then the action must be commenced within the time limited by the statute of limitation of the state in which the cause of action accrued; and absence of the defendant from this state suspends or extends the limitation of time within which the action must be commenced in this state. The construction now sought to be placed upon section 390a would lead to the result that, while statutes of limitation run against residents of this state in an action against a resident, yet no statute of limitation runs against a nonresident upon a cause of action which accrued without the state against a resident so long as he shall continue to reside here—a result which I do not believe was within the contemplation and intent of the Legislature.

I therefore believe that the judgment was right, and should be affirmed.