SHIPMAN v. TREADWELL et al.

(Supreme Court, Appellate Division, Third Department. March 6, 1912.)

1. LIMITATION OF ACTIONS (§ 2*)—ACCRUAL OF RIGHT.

A stockholders' action to dissolve an Ohio corporation in such state was begun in 1900, and judgment of dissolution was entered in 1901; the final decree in that action adjudging the amount due from the stockholders be-

ing entered in May, 1907. The laws of Ohio provide that an action upon the liability of a stockholder must be brought within 18 months after the obligation becomes enforceable. In December, 1908, an action was brought in New York against resident stockholders of the Ohio corporation. *Held* that, regardless of whether the right of action accrued before 1907 or not, it was barred by Code Civ. Proc. § 390a, providing that, where a cause of action arises outside of the state, no action can be brought to enforce it after the expiration of the time limited by the laws of the place where the action accrued.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 4–8; Dec. Dig. § 2;* Corporations, Cent. Dig. § 1085.]

2. APPEAL AND ERROR (§ 173*)—REVIEW—ERRORS REVIEWABLE.

Where a defense based on a statute of a foreign state was raised in the trial court, the statute by stipulation being read without objection, plaintiff cannot, on appeal, complain that the defense was not presented by the pleadings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1120; Dec. Dig. § 173.*]

Appeal from Special Term, Albany County.

Action by Leonard H. Shipman, as receiver of the F. Gray Company, against George Curtis Treadwell and another. From a judgment for plaintiff (73 Misc. Rep. 587, 131 N. Y. Supp. 67), defendants appeal. Reversed and remanded.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, and BETTS, JJ.

Tracey, Cooper & Townsend (James F. Tracey, of counsel), for appellants.

Charles M. Stern (M. H. Nellis, of counsel), for respondent.

JOHN M. KELLOGG, J. [1] In 200 N. Y. 472, 93 N. E. 1104, it was held that the plaintiff would be permitted, in the interest of interstate comity, to bring an action in this state to enforce the liability against the resident stockholders of the Ohio corporation which was dissolved pursuant to the laws of Ohio. The stockholders' action to dissolve the corporation was begun December 10, 1900, and the judgment of dissolution was entered April 16, 1901. A receiver was appointed April 20, 1901. A second receiver was appointed January 13, 1902. The final decree in that action adjudging the amount due from stockholders was entered May, 1907. This action was begun against the defendant Treadwell, December 10, 1908, and the defendant Collins, December 11, 1908.

The laws of Ohio provide that an action upon the liability of a stockholder can only be brought within 18 months after the debt or obligation shall become enforceable against stockholders. Rev. St. 1908, § 3258a. It is unnecessary in this case to discuss whether the debt became enforceable against the stockholder at the maturity of the debt, at the time of the judgment of dissolution of the corporation, or at what particular time. Apparently under the laws of that state any creditor whose debt is past due may file a petition, and thereby institute a proceeding to charge stockholders with liability, and all stockholders are brought into the action, and the amount of liability

---

determined. Taking the view most favorable to the plaintiff, the debt or obligation became enforceable against the stockholders at the time of the entry of the final judgment, which determined the amount due from each stockholder, and that judgment required each stockholder to pay the amount found due from him on or before July 1, 1907. This action was not brought against either defendant until more than 18 months after July 1, 1907. It is not necessary to discuss whether this 18 months' period is a limitation upon the liability or right to bring an action, as apparently the same result would follow in either case. If these defendants were in Ohio and were sought to be made liable there at the time action was brought against them, the 18 months' limitation would be a complete answer for them, and under section 390a of the Code of Civil Procedure the defense is available to them here.

It is apparent that the cause of action arose in Ohio and by the laws of that state. The corporation was chartered there, its stock issued there, and the laws of that state impose the liability upon the stockholder. The action being maintainable here as a matter of comity, it is evident the defendants should not be held liable if the statutes of the state of Ohio furnish a defense to citizens of that state who were sued at the time when action was brought against the defendants. I think, therefore, the limitation referred to is a complete answer to the action.

[2] This defense was fairly foreshadowed in the answer. By stipulation the statute of Ohio was read in evidence without objection to the form of the pleading. The defendant urged upon the trial that this statute, and the facts proved, prevented a recovery. The plaintiff did not raise the question that such defense was not sufficiently pleaded. The trial having proceeded upon the theory that the defense was before the court, it is now too late to insist that it was not fairly within the pleadings. Eppley v. Kennedy, 198 N. Y. 348, 91 N. E. 797.

The judgment should therefore be reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide the event. All concur.