prices are the best possible evidence of market value. Where there are no sales made on the exchange, the rule of damages still remains the same, but the market price must be established by other evidence. In either case the plaintiff has the burden of showing his damages by evidence of the market value within a reasonable time. In this case the plaintiff has produced evidence only of the market value months thereafter, and has therefore failed in his proof, while the defendants have affirmatively proven that the market value during the intervening period was always at or below a price at which the plaintiff would have bought back his securities without loss.

. It follows that the judgment should be reversed, with $30 costs, and complaint dismissed, with costs.

FINCH, J., concurs.

BIJUR, J. I concur on the ground that plaintiff has not been damaged. I assume the learned judge below to have found that there was a conversion by the defendant of plaintiff's stock by the sale of August 17, 1914, at prices which both counsel appear to think have been proved as follows: Interborough, 52; Tennessee copper, 24¾; Utah copper, 46.

Plaintiff admitted that he received a copy of defendant's letter of that date notifying him of the sale enclosed in one of September 18, 1914. It appears that, during a reasonable time after he received the notice of the sale at the prices named, the market price of these stock was never higher than the price at which they had thus been sold. He could therefore have replaced them at a considerably lower figure, but refrained from doing so, or even from making any inquiry in regard thereto. Under the circumstances, plaintiff has suffered no damage for which a recovery can be had.

---

(93 Misc. Rep. 224)

### MISHAWAKA WOOLEN MFG. CO. v. PHILLIPS.

(Supreme Court, Trial Term, Steuben County. January 11, 1916.)

LIMITATION OF ACTIONS ☞85—RUNNING OF STATUTE—NONRESIDENT.

Defendant, while a resident of Pennsylvania, incurred a debt for goods bought, the cause of action accruing December, 1905. In January, 1909, he moved to the state of New York, since then residing there. Act Pa. May 22, 1895 (P. L. 112) provides a six-year limitation for actions for goods sold, but declares that defendants, who shall have become nonresidents of the state after the cause of action shall have accrued, shall not have the benefit of any statute for the limitation of actions during the period of such residence without the state. *Held* that, the running of the Pennsylvania statute having been tolled by defendant's removal, the action was not barred, and might be maintained within seven years after his removal into New York.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 449–455; Dec. Dig. ☞85.]

Action by the Mishawaka Woolen Manufacturing Company against Max Phillips for goods sold. Judgment for plaintiff.

Charles L. Crane, of Addison, for plaintiff.
Frank J. Saxton, of Corning, for defendant.

CLARK, J.   This action was tried by the court, at the Steuben Trial Term, January 7, 1916, a jury having been waived.  The debt sued upon was contracted by defendant, then a resident of Pennsylvania, in December, 1905.  In January, 1909, he moved to the state of New York, where he has ever since resided.  The cause of action accrued December 15, 1905.

By the laws of Pennsylvania (P. L. 1895, p. 112), actions of this character must be brought within six years after the cause of action accrued, but it is provided by the statutes of that state that:

"In all civil suits and actions in which the cause of action shall have arisen within this state the defendant or defendants in such suit or action, who shall have become nonresident of the state after said cause of action shall have arisen, shall not have the benefit of any statute of this state for the limitations of actions during the period of such residence without the state."  Laws of Pennsylvania enacted May 22, 1895.

It will be seen, therefore, that this cause of action was not barred by the statute of limitations of the state of Pennsylvania when defendant left that state, the action having accrued in December, 1905, and he having removed to the state of New York in January, 1909. And under the laws of Pennsylvania above quoted, where the cause of action arose, the defendant having left the state before the statute of limitations had run, it was suspended during his absence from that state.  If this action had been barred by the statutes of Pennsylvania, it would be barred here; but, defendant having left the state where the cause of action accrued before the statute had run against it, the statute of limitations was suspended during his absence, and it was not barred by the statutes of Pennsylvania and is not barred here. Code Civil Procedure, §§ 390, 390a; Taylor v. Syme, 17 App. Div. 517, 45 N. Y. Supp. 707; Isenberg v. Rainier, 145 App. Div. 256, 130 N. Y. Supp. 27; Id., 70 Misc. Rep. 498, 127 N. Y. Supp. 411.

Defendant relies on the Isenberg-Rainier Case above referred to, but it does not seem to sustain his contention.  There it plainly holds that an action, whether brought by a resident or nonresident, must be brought within the time limited by our statute of limitations, and if the cause of action arose in a foreign state in favor of a nonresident, which is this case, it cannot be brought after the time limited by the laws of the state in which the cause of action arose.  That would seem to be an authority sustaining plaintiff's contention here, because, defendant having left the state where the cause of action accrued before the statute had run against it, he having ever since been a resident of the state of New York, the statute of Pennsylvania would be suspended during his absence from that state and the claim, not being barred by the statute of Pennsylvania where it arose, is not barred here.

There being no dispute as to the amount of the claim on which this action is brought, the only defense being that it is barred by the statute of limitations, and it appearing to me that the action is not barred, it follows that plaintiff is entitled to judgment for the amount claimed, to wit, $465.04, with costs to be taxed.

Judgment may be entered accordingly.