ALBERT S. DODGE, Plaintiff, v. EUGENE C. HOLBROOK, Jr., as Administrator of EUGENE C. HOLBROOK, Deceased, Defendant.

(Supreme Court, Kings Trial Term, May, 1919.)

Statute of Limitations — when extended by absence from the state — actions by or against foreign executors or administrators — Code Civ. Pro. §§ 386, 401 — Code Civ. Pro. § 1836-a.

Decedent, while a resident of the state of New York, abandoned his wife there in July, 1896, continued his residence in the state until January 11, 1906, and then became a resident of the state of New Jersey where he died January 11, 1916. Both a cause of action against him for necessaries furnished to his wife in each week after the abandonment and until her death on December 6, 1909, and for her funeral expenses, and one upon decedent's promissory note dated January 16, 1896, payable six months after date, arose in the state of Rhode Island where they are not as yet outlawed. *Held*, that under section 1836-a of the Code of Civil Procedure an action on both causes of action was properly brought against the administrator of decedent appointed in New Jersey.

17

The account sued on was not such a one as is covered by section 386 of the Code of Civil Procedure.

The claims on the note and for items of necessaries furnished before January 12, 1900, were outlawed.

Decedent's continued absence from the state of New York after January 11, 1906, extended the Statute of Limitations (Code Civ. Pro. § 401) and plaintiff was entitled to recover for necessaries furnished from January 12, 1900, to December 6, 1909, and for funeral expenses, together with interest on both sums.

ACTION for necessaries furnished wife of decedent and action on a note.

Belfer & Belfer, for plaintiff.

George M. Schinzel, for defendant.

CROPSEY, J. The jury has been waived and this case has been submitted to the court upon an agreed statement of facts. The first cause of action arises out of the abandonment by defendant's intestate of his wife and his failure to support her. The assignor of the plaintiff furnished the wife with necessaries, the value of which is sought to be recovered. That a husband is liable under such circumstances is settled beyond question. *Kenny* v. *Meislahn*, 69 App. Div. 572; *De Brauwere* v. *De Brauwere*, 203 N. Y. 460; *Wickstrom* v. *Peck*, 155 App. Div. 523. The defendant does not dispute this. The second cause of action is on a promissory note made by the deceased, dated January 16, 1896, and payable six months from its date.

Defendant's chief contention is that the plaintiff's claims are outlawed. The answer pleads the six years' Statute of Limitations. Both causes of action arose in the state of Rhode Island.

The abandonment occurred in July, 1896. Plaintiff's claim is for necessaries furnished in each week thereafter until December 6, 1909, when deceased's wife died, and for her funeral expenses incurred in that lat-

ter month. The statement of facts does not show when this action was begun. But defendant's brief says it was January 22, 1917, and that date will be taken as correct.

If the defendant's intestate was a resident of this state at all times both causes of action would be entirely outlawed for he did not die until January 11, 1916, which was more than six years after the last item of the claims accrued. But he was not a resident of this state during this entire period. The agreed statement of facts is not definite upon this point but it is stated that he was a resident of this state when he abandoned his wife here in 1896. And the only other reference to his residence since that time is the statement that when he died (January 11, 1916) " and for ten years prior thereto " (defendant's brief says " for *more* than ten years ") he was a resident of New Jersey. His residence being established here in 1896 it must be presumed to have continued here until a change was shown to have taken place. *Mayer* v. *Friedman,* 7 Hun, 218, 219; affd., on opinion below, 69 N. Y. 608. So it must be found that his residence was in this state until January 11, 1906 (ten years prior to his death). Thereafter he was never again such a resident. On January 11, 1906, the claim on the note was outlawed and also all those items of necessaries furnished before January 12, 1900. But the items furnished after that date were not then barred by the statute. And they have not become barred since, for the deceased's continued absence from this state after January 11, 1906, extended the statute. Code Civ. Pro. § 401; *Ruggles* v. *Keeler,* 3 Johns. 263; *Carpenter* v. *Wells,* 21 Barb. 593; *Power* v. *Hathaway,* 43 id. 214; *Olcott* v. *Tioga Railroad Co.,* 20 N. Y. 210, 222. And when a cause of action arises out of the state the burden is upon the defendant pleading the statute to show that he has resided within this state for six

years before the action was begun. *Mayer* v. *Friedman,* 7 Hun, 218; affd., on opinion below, 69 N. Y. 608. When some of the items in an account are outlawed and others are not it is proper to exclude those that are barred and allow a recovery on the others. *Crow* v. *Gleason,* 141 N. Y. 489; *Burdick* v. *Hicks,* 29 App. Div. 205; *Albro* v. *Figuera,* 60 N. Y. 630. The account sued on is not such a one as is covered by section 386 of the Code of Civil Procedure.

The plaintiff contends that no part of his claims is outlawed — that section 390-a of the Code of Civil Procedure permits a full recovery. It is a fact that no part of the claims is outlawed in Rhode Island. But it does not follow they may not be outlawed here. There is some language in a portion of the opinion in *Isenberg* v. *Rainier,* 70 Misc. Rep. 498, that might give such an impression. But upon the affirmance of that case (145 App. Div. 256, 258) the court was careful to point out that notwithstanding that section a resident of this state " may still claim the protection of our own Statute of Limitations." A similar decision was rendered in *Dalrymple* v. *Schwartz,* 177 App. Div. 650. The case of *Mishawaka Woolen Mfg. Co.* v. *Phillips,* 93 Misc. Rep. 224, is opposed, but it must give way to the appellate court decisions. Section 390-a is a statute of limitations. It does not give or purport to give any right of action nor does it extend or purport to extend the time for commencing an action otherwise barred by the statute. As was so clearly stated in *Isenberg* v. *Rainier,* 145 App. Div. 256, it merely imposes " an additional limitation." Its only effect (where it is applicable at all) is to shorten the period of limitation. *Shipman* v. *Treadwell,* 150 App. Div. 57; affd., 208 N. Y. 404; *Olsen* v. *Singer Manufacturing Co.,* 143 App. Div. 142; *Smith* v. *Western Pacific R. Co.,* 154 id. 130.

The death of defendant's intestate in no way affects

the situation. A period of at least eighteen months after his death whether within or without the state is not a part of the time limited for the commencement of an action. Code Civ. Pro. §§ 391, 403. This action was commenced within that period.

The fact that the deceased about five years after his abandonment of his wife sent some one to her to say " he would support her " is of no moment. He did not ask her to live with him and he did not support her. He was under obligation to support her at all times. And he could not relieve himself of that obligation nor of the co-related liability for necessaries furnished to her by merely saying he would give her support and not doing so.

This action is properly brought against the defendant though he was appointed administrator of the deceased in New Jersey. A foreign administrator or executor may be sued in this state. Code Civ. Pro. § 1836-a.

The plaintiff is entitled to judgment for the necessaries furnished from January 12, 1900, to December 6, 1909, a period of 516 weeks at $9 a week, amounting to $4,644, and for funeral expenses amounting to $201.65, with interest on both sums amounting to date to $2,752.33, making a total of $7,597.98, together with the costs of the action.

Judgment accordingly.