WILLIAM H. WHITING and Others, Transacting Business under the Firm Name and Style of WILLIAM H. WHITING & COMPANY, Respondents, v. JOHN S. MILLER, Appellant.

First Department, May 29, 1919.

Limitation of actions — action against non-resident accruing in another State — Code of Civil Procedure, sections 390, 390a and 401, construed — necessity for proof of residence of plaintiff.

Where a cause of action, accruing in Pennsylvania against one who was at the time and at all times since has been a resident of said State, was at the time the action was brought barred by the Statute of Limitations of Pennsylvania, and it was not shown that any of the plaintiffs resided in this State, section 390 of the Code of Civil Procedure, as amended by chapter 539 of the Laws of 1916, providing that when a cause of action accrues against a non-resident an action cannot be brought against him or his personal representatives in this State, after the expiration of the time limited by the laws of his residence, is the only Statute of Limitations applicable.

Section 390a of the Code of Civil Procedure, providing that where a cause of action arises *without* the State an action cannot be brought thereon within the State after the time limited by the laws of the State or country where the action arose, excepting where the cause of action accrued in favor of a resident of this State, which section is still in force, relates generally to causes of action arising outside the State without regard to the residence of the person against whom they accrue, excepting where the cause of action accrues in favor of a resident of this State.

It may be that section 401 of the Code of Civil Procedure extending the Statute of Limitations with respect to a cause of action accruing against a person who is without the State or who departs from the State and remains continuously absent therefrom for a period of one year or more after the cause of action accrued, or resides in the State under a false name, still applies to *some* causes of action against non-residents who were such when the cause of action accrued.

Where an action is brought in this State on a cause which accrued in another State and is barred by the Statute of Limitations thereof, the plea of the Statute of Limitations of this State and proof that the action was not brought in time makes out a *prima facie* defense; and, if the plaintiff desires to bring himself within the exceptions in sections 390a and 401 of the Code of Civil Procedure, in favor of residents of this State, the burden is upon him to show that he was a resident of this State when the cause of action accrued.

APPEAL by the defendant, John S. Miller, from a determination and order of the Appellate Term of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 17th day of December, 1918, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District.

An appeal is also taken from the order entered in the office of the clerk of the Municipal Court on the 17th day of December, 1918, pursuant to the determination of the Appellate Term.

*Henry B. Singer* of counsel [*Sam L. Cohen* with him on the brief], for the appellant.

*Jerome C. Lewis,* for the respondents.

LAUGHLIN, J.:

The plaintiffs were copartners conducting a real estate brokerage business at No. 41 Park Row, borough of Manhattan, New York city. They have recovered for services as brokers in procuring a tenant for the defendant for a store and basement in the city of Scranton, Penn. The evidence shows that the contract was made and the services were performed in Pennsylvania. The cause of action therefor accrued on the 21st day of March, 1910. This action was commenced on the 22d day of August, 1917. The defendant originally pleaded the Statute of Limitations of Pennsylvania of six years, and on the trial proved the statute, and, by a member of the Pennsylvania bar, that it was applicable to such a cause of action as this. On the trial defendant was allowed to amend, without objection, by pleading our Statute of Limitations to the same effect as well. The defendant resided in the State of Pennsylvania when the contract was made and ever since and never resided in this State. One of

the plaintiffs testified that at the time of the trial he resided in New Jersey but it was not shown where the other plaintiffs resided, and there is no evidence that either of them resided in this State when the cause of action accrued or at any time since.

Section 390 of the Code of Civil Procedure, from the time of its enactment, until the 15th day of May, 1916, provided, so far as here material, that where a cause of action accrues against a non-resident of this State an action could not be brought thereon in a court of this State against him or his personal representative, after the expiration of the time limited by the laws of his residence for bringing a like action, except by a resident of this State and where the cause of action originally accrued in favor of a resident of this State, or where the person in whose favor it originally accrued was or became a resident of this State before the expiration of the time so limited, or the cause of action was assigned to, and was thereafter continuously owned by a resident of this State. (See Laws of 1876, chap. 448, § 390; Laws of 1916, chap. 536.)

Section 390-a was added to the Code of Civil Procedure by chapter 193 of the Laws of 1902 and took effect on the first day of September of that year. It then provided and still provides that where a cause of action arises *without* the State an action cannot be brought thereon within this State after the expiration of the time limited by the laws of the State or country where the cause of action arose for bringing such an action, except where the cause of action originally accrued in favor of a resident of this State. By chapter 536 of the Laws of 1916, which took effect May fifteenth of that year, said section 390 was amended by omitting the exceptions with respect to the action being brought by a resident of this State, and by inserting after the provisions limiting the time for commencing the action to the time prescribed by the laws of the residence of the party against whom the cause of action accrued, a proviso to the effect that if such limitation be less than the time fixed by the laws of this State for a like action, then the limitation fixed by our laws shall govern. The amendment contained a provision authorizing the commencement of an action within six months after the amend-

ment took effect on a cause of action against which the former statute had not run; but since this action was not brought within six months thereafter that is immaterial. By this amendment section 390 became applicable *specifically* to causes of action accruing against non-residents of the State, and it provided that the limitation for bringing an action thereon in this State should be that prescribed by the laws of the residence of the person against whom such cause of action accrued, unless such limit should be less than that prescribed by our statutes in which case our law should govern. Section 390-a relates *generally* to causes of actions arising *outside* of the State without regard to the residence of the person against whom they accrue, excepting where the cause of action originally accrued in favor of a resident of this State. It may be that the provisions of section 401 of the Code of Civil Procedure extending the Statute of Limitations with respect to a cause of action accruing against a person who is without the State or who departs from the State and remains continuously absent therefrom for the space of one year or more after the cause of action accrued, or resides in the State under a false name, still applies to *some* causes of action against non-residents, who were such when the cause of action accrued (See *Olcott* v. *Tioga Railroad Co.*, 20 N. Y. 210; *Mayer* v. *Friedman*, 7 Hun, 218; affd., 69 N. Y. 608; *Moloney* v. *Tilton*, 22 Misc. Rep. 682, 691; *Goldberg* v. *Lippmann*, 6 id. 35; *Plummer* v. *Lowenthal*, 165 N. Y. Supp. 220), and in the case of *Plummer* v. *Lowenthal* (*supra*) the Appellate Term held that section 401 is applicable to the causes of action embraced in section 390-a.

I am of opinion, however, that the provisions of said section 401 should not be deemed applicable to section 390 as so amended in 1916, and that the latter section should now be construed as embodying the only Statute of Limitations applicable to an action against a non-resident who was such when the cause of action accrued and when the action thereon was brought. (See *Isenberg* v. *Rainier*, 145 App. Div. 256, affg. 70 Misc. Rep. 498.)

In *Isenberg* v. *Rainier* (*supra*) the test prescribed under said section 390-a was whether the cause of action, if brought in the foreign jurisdiction, would be there barred. Applying

that test here it is perfectly clear that the cause of action would have been barred if brought in Pennsylvania. But if the provisions of said section 390-a and of said section 401 are applicable the burden was on the plaintiffs to show that they were residents of this State when the cause of action accrued, and that they failed to do. The plea of the Statute of Limitations of six years and the uncontroverted evidence that the action was not brought within six years from the time it accrued, presented a *prima facie* defense of the Statute of Limitations, and if the plaintiffs wished to bring themselves within the exception contained in the said section 390-a by reason of being residents of the State it was for them to prove such facts. (*Mason* v. *Henry*, 152 N. Y. 529, 539; *Crow* v. *Gleason*, 141 id. 489; *Reilly* v. *Sabeter*, 43 N. Y. Supp. 383; *Crump* v. *Sefton*, 172 id. 338; *Maslow* v. *Ageloff*, 100 Misc. Rep. 357; 8 Am. & Eng. Ann. Cas. 341, 342, 343, and cases cited.)

It follows that the determination of the Appellate Term and the judgment of the Municipal Court should be reversed and the complaint dismissed, with costs to the appellant in all the courts.

CLARKE, P. J., SMITH, MERRELL and PHILBIN, JJ., concurred.

Determination and judgment reversed and complaint dismissed, with costs to appellant in all courts.