Samuel Ross, Plaintiff, v. William Miller Graham, Defendant.

Supreme Court, New York County, February (Received March, 1924).

Limitation of actions — defendant resident of another state when action arose — Civil Practice Act, sections 13 and 55, applied — when action barred by statutes of California and District of Columbia.

In answer to a complaint upon a cause of action which arose in the District of Columbia in 1911 the defendant, then a resident of the state of California, pleaded the Statutes of Limitations of New York, California and the District of Columbia as a defense. Both sections 13 and 55 of the Civil Practice Act create limitations additional to our own, and each of said sections expressly prohibits, on a stated condition, the bringing of an action after the time fixed by the law of another state. *Held*, that as here both conditions exist and both prohibitions apply the plaintiff cannot succeed if barred by the laws of either

California or the District of Columbia, and as section 55 of the Civil Practice Act substitutes six years for two years in the California statute (California Code Civ. Pro. § 339) and under section 1265 of the District of Columbia Code the statutory period is three years, plaintiff must fail unless saved by the tolling provision of the foreign statute.

While section 351 of the California Code of Civil Procedure deducts time of absence from the statutory period and it was shown that defendant's absence from California was substantial, still in the light of section 361 of said California Code, which provides that when the cause of action arose in another state, the Statute of Limitations of that state will bar the action, the District of Columbia Code, which contains no tolling clauses against non-residents, was also constituted an additional Statute of Limitations; the action was, therefore, barred by the statutes of both California and the District of Columbia.

MOTION for judgment on pleadings.

*Avery, Taussig & Fisk* (*Charles A. Taussig, Bates Warren* and *Charles T. Tittmann,* of counsel), for plaintiff.

*William J. Patterson* (*Frederick R. Ryan,* of counsel), for defendant.

PROSKAUER, J. This cause of action arose in the District of Columbia in 1911. Defendant then resided in California. He pleads the New York, California and District of Columbia Statutes of Limitations. Section 55 of the Civil Practice Act (Code Civ. Pro. § 390) prohibits action against a non-resident after the time fixed by the law of his residence. Plaintiff contends that the California statute is, therefore, alone applicable and that it does not bar. Defendant invokes section 13 of the Civil Practice Act (Code Civ. Pro. § 390a) prohibiting suit on a cause of action arising in another state after the time fixed by the law of such state and claims that the District of Columbia statute constitutes a bar.

Sections 13 and 55 both create limitations additional to our own. *Isenberg* v. *Ranier,* 145 App. Div. 256; *Plummer* v. *Lowenthal,* 165 N. Y. Supp. 220. Each expressly prohibits, on a stated condition, bringing an action after the time fixed by the laws of another state. Here both conditions exist and both prohibitions apply. Plaintiff cannot succeed if barred by the laws of either California or the District of Columbia.

The statutory period in California is two years. Cal. Code of Civ. Pro. § 339. Section 55 of the Civil Practice Act substitutes six years for two years in the California statute, with no tolling for absence from New York. *Whiting* v. *Miller,* 188 App. Div. 825. In the District of Columbia the statutory period is three years. District of Columbia Code, § 1265. Plaintiff fails, therefore, unless saved by the tolling provisions in the foreign statutes. The California Code of Civil Procedure (§ 351) deducts time of absence from the statutory period. It has been held, under the California law, that plaintiff must show that defendant's absence sufficed to

toll the statute. The only evidence here is that defendant's absence from California was substantial. But even if this burden of proof is on defendant, still the California Code (§ 361) provides that where the cause of action arose in another state, the Statute of Limitations of that state will bar. The District of Columbia Code is thereby also constituted an additional Statute of Limitations and it contains no tolling clauses against non-residents.

Plaintiff urges, however, that the act of the Maryland legislature of December 20, 1765, remains the law of the district. It provided that if any person was absent when the cause of action accrued, the Statute of Limitations should have no application whatever. It undoubtedly became a part of the law of the district and is one of the statutes which persist " except in so far as the same are inconsistent with, or are *replaced by,* some provision of this Code." District of Columbia Code, § 1. Section 1269 provides that in the case of a resident only time of absence shall be deducted in computing the period limited for suit. It is a pure tolling statute, not a destruction of the bar, as was the act of 1765. As applied to residents it is wholly inconsistent with the act of 1765. Repeal by implication is not to be generally presumed. But the Code repeals the act of 1765 not only because of this inconsistency, but also because section 1 excepts from perpetuation old statutes " replaced by " it. Congress, in chapter 41 of the Code, codified the rules governing " limitation of actions." The subject-matter is largely procedural. It was not the legislative intent after comprehensive formulation by code of specific limitation and tolling provisions, still to relegate parties to pre-Revolutionary statutes for additional rules.

This action is barred by the statutes of both California and the District of Columbia. Complaint dismissed.

Judgment accordingly.