ELECTUS F. BACKUS, Plaintiff, *v.* WILLIAM F. SEVERN, Defendant.

Supreme Court, New York County, February 12, 1926.

**Limitation of actions — action by resident of this State for negligence against resident of Connecticut arising from accident happening in 1918 in Connecticut — action, prima facie, barred by Civil Practice Act, § 55 — Civil Practice Act, § 19, providing that action against person without State may be commenced within time limited therefor after return into State applies to non-residents — defendant never having come into this State, Statute of Limitations has not commenced to run against plaintiff — action not barred.**

An action for negligence brought in May, 1922, by a resident of this State against a resident of Connecticut, arising from an accident happening in 1918 in the State of Connecticut, is, *prima jacie*, barred by section 55 of the Civil Practice Act, but the tolling provisions of section 19 of the Civil Practice Act, to the effect that if, when the cause of action accrues against a person, he is without the State, the action may be commenced within the time limited therefor after his return into the State, are applicable to non-residents who never at any time before or after an action accrued were residents of this State, and, therefore, the Statute of Limitations has never commenced to run against the plaintiff herein, since the defendant has never become a resident of this State.

The amendment in 1916 to section 390 of the Code of Civil Procedure, now section 55 of the Civil Practice Act, did not deprive the plaintiff of the right to take advantage of the tolling provisions of section 19 of the Civil Practice Act.

ACTION for negligence.

*Frank H. Field,* for the plaintiff.

*Benjamin Loder* [*William F. Kiefer* of counsel], for the defendant.

GLENNON, J. This is an action for negligence. It is brought by plaintiff, a resident of the State of New York, against the defendant, a resident of the State of Connecticut. The accident occurred on the 28th day of April, 1918, near Darien, Conn. The action was not commenced until May 25, 1922, over four years after the date of the accident. The stipulated facts disclose that

both plaintiff and defendant, at all times since April, 1918, have remained residents of their respective States. Defendant in his answer pleads that plaintiff's action has been barred by the Statute of Limitations.

As the action arose outside of the State of New York against a non-resident, it must be governed by the provisions of the Civil Practice Act relating to such facts. Causes of action which arise without the State fall within the purview of section 13 of the Civil Practice Act, which provides in substance that such actions cannot be brought in a court of this State after the expiration of the time limited by the laws of the State where the cause of action arose for bringing such action. Section 13, however, specifically excepts from its provisions a cause of action which originally accrued in favor of a resident of this State. Plaintiff herein is a resident of this State, and, therefore, his cause of action comes within the exception. The limitations of time for bringing actions against non-residents are contained in section 55 of the Civil Practice Act, which (eliminating provisions not here material) provides that " Where a cause of action, accrues against a person who is not then a resident of the state, an action cannot be brought thereon in a court of the state against him  *  *  *  after the expiration of the time limited by the laws of his residence for bringing a like action, provided that if the limitation of the time fixed by the laws of his residence for bringing such action be less than the time fixed by the laws of this state for a like action, the limitation fixed by the laws of this state shall apply."

Plaintiff's action clearly falls within these provisions, and it remains only to determine whether the New York or Connecticut statute is to be applied and the time at which the running of the statute commenced. The law of Connecticut, as stipulated by the parties, allows plaintiff only one year in which to commence his action, and as it is less than the time allowed in New York, which is three years, the New York statute must be applied. *Prima facie* plaintiff's action is barred, as more than three years have expired since the accident occurred.

Plaintiff, however, raises the point that by reason of the " tolling provisions " of section 19 of the Civil Practice Act the Statute of Limitations has never commenced to run against him. In so far as is material, section 19 of the act provides that " If, when the cause of action accrues against a person, he is without the state, the action may be commenced, within the time limited therefor, after his return into the state." The wording of the statute would seem to imply that it applies only to residents of the State who were simply without the State when a cause of

action accrued. Such construction seems to be plausible, in view of the use of the words " return into the state; " but a different interpretation has been placed upon it, and a long line of decisions has now settled the law that the section applies to non-residents who never at any time before or after an action accrued were residents. (*Ackerman* v. *Ackerman,* 200 N. Y. 72; *Olcott* v. *Tioga R. R. Co.,* 20 id. 210; *Mayer* v. *Friedman,* 7 Hun, 218; affd., 69 N. Y. 608; *Ruggles* v. *Keeler,* 3 Johns. 263; *Whiting* v. *Miller,* 188 App. Div. 825.)

In this connection defendant raises the point that the amendment to section 55 in 1916 (then Code Civ. Proc. § 390) materially alters the case and deprives plaintiff of the right to take advantage of the " tolling provisions " of section 19 (formerly Code Civ. Proc. § 401). I do not agree with defendant's contention. Prior to 1916, section 390 of the Code of Civil Procedure provided in effect that, where a cause of action, with a few exceptions, accrued against a person who was not at the time a resident of the State, action cannot be brought thereon after the expiration of the time limited by the laws of his State for bringing a like action, except " where the cause of action originally accrued in favor of a resident of the State." By the amendment of 1916 (Laws of 1916, chap. 536) the exception above mentioned in favor of residents was eliminated, and after the clause which provided that the laws of limitation of the State of the non-resident were to govern there was inserted the provision " that if the limitation of the time fixed by the laws of his residence for bringing such action be less than the time fixed by the laws of this State for a like action, the limitation fixed by the laws of this State shall apply; " but the amendment does not provide, either in express terms or by implication, that in determining the " limitation fixed by the laws of this State " courts were to disregard previously well-settled rules. If such were the intent of the Legislature, it would have so stated in definite terms. That such was not intended is evidenced by the fact that section 19 of the Civil Practice Act (Code Civ. Proc. § 401) was left unchanged.

It is true that there are a few statements in the authorities to the contrary. (*Whiting* v. *Miller, supra; Ross* v. *Graham,* 122 Misc. 574.) In *Whiting* v. *Miller* it was said that the provisions of section 401 of the Code of Civil Procedure (Civ. Prac. Act, § 19) " should not be deemed applicable to section 390 [Civ. Prac. Act, § 55] as so amended in 1916, and that the latter section should now be construed as embodying the only Statute of Limitations applicable to an action against a non-resident who was such when the cause of action accrued and when the action thereon was brought. (See

*Isenberg* v. *Rainier*, 145 App. Div. 256, affg. 70 Misc. 498.) " This statement, however, is not borne out by the authorities cited, nor was section 390 of the Code of Civil Procedure (Civ. Prac. Act, § 55) involved in the case, and for these reasons I do not believe it should be followed.

In fact the decision in the case cited (*Isenberg* v. *Rainier, supra*) supports the view I have adopted. In that case the court held that the " tolling provisions " of a foreign statute were to be considered in determining the " time limited by the laws " of a foreign State. It follows, therefore, that this action is not barred by the Statute of Limitations.

Pursuant to the arrangement made by the parties, the other issues will be disposed of upon a trial by jury.