CLARA W. ANSBACHER, Appellant, *v.* NEW YORK TRUST COMPANY, Respondent.

80

Argued November 21, 1938; decided February 28, 1939.

*William S. Bennet, Victor House* and *Samuel H. Levin-kind* for appellant. The second separate defense is insuf-ficient in law on its face, and should be stricken out. (*Doyle v. Chatham & Phenix Nat. Bank,* 253 N. Y. 369; *Harvey v. Guaranty Trust Co.,* 134 Misc. Rep. 417; 229 App. Div. 774; 256 N. Y. 526; *Conover v. Guarantee Trust Co.,* 88 N. J. Eq. 450; 89 N. J. Eq. 584.) The exculpatory pro-

visions relied upon in the first separate defense should be denied any effect. (*Industrial & General Trust, Ltd.*, v. *Tod*, 180 N. Y. 215; *Benton* v. *Safe Deposit Bank*, 255 N. Y. 260; *Doyle* v. *Chatham & Phenix Nat. Bank*, 253 N. Y. 369; *Conover* v. *Guarantee Trust Co.*, 88 N. J. Eq. 450; 89 N. J. Eq. 584; *Richardson* v. *Union Mortgage Co.*, 210 Iowa, 346.) The third separate defense is insufficient in law. (*Matter of Hosford*, 27 App. Div. 427; *Mullen* v. *Eastern Trust & Banking Co.*, 108 Me. 498; *Doyle* v. *Chatham & Phenix Nat. Bank*, 253 N. Y. 369.) The fourth separate defense is insufficient in law. (*Lehman Mfg. Co.* v. *Jewett*, 168 N. E. Rep. 46; *Black* v. *Strang*, 167 App. Div. 149.) The fifth separate defense amounts to no more than a denial that the defendant's unauthorized acts damaged the bond-holders. Such a denial cannot support an affirmative defense. (*Black* v. *Strang*, 167 App. Div. 149.) The sixth separate defense relies upon a five-year Arkansas Statute of Limitations, and is insufficient in law on its face. (*Benton* v. *Safe Deposit Bank*, 255 N. Y. 260; *Miller* v. *Brenham*, 68 N. Y. 83; *Ward* v. *Lee*, 256 N. Y. 653.) The eighth and ninth separate defenses set up the defense of laches and are insufficient in law on their face. (*Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113.)

*Clifford P. Case, Morgan J. Callahan, Jr.*, and *James P. Murtagh* for respondent. The first to sixth and the eighth to tenth separate defenses are sufficient in law. (*Watson* v. *Dodge*, 187 Ark. 1055; *White River Bridge Corp.* v. *State*, 92 S. W. Rep. [2d] 856; *Hollenbeck* v. *Ætna Casualty & Surety Co.*, 215 App. Div. 609; 243 N. Y. 540; *Eissing Chemical Co.* v. *People's Nat. Bank*, 205 App. Div. 89; 237 N. Y. 532; *Portland Gold Mining Co.* v. *Stratton's Independence, Ltd.*, 158 Fed. Rep. 63; *Greene* v. *Continental Bank & Trust Co.*, 242 App. Div. 626; 267 N. Y. 519; *Hollister* v. *Stewart*, 111 N. Y. 644; *Browning* v. *Fidelity Trust Co.*, 250 Fed. Rep. 321; *Home Ins. Co.* v. *Gillespie Loading Co.*, 222 App. Div. 67; *Irving Trust Co.* v. *Maryland Casualty Co.*, 83 Fed. Rep. [2d] 168; *Sheldon H. B. Co.* v. *Eickemeyer H. B. M. Co.*, 90 N. Y. 607.)

O'Brien, J.   Questions of pleadings are here involved.

The complaint alleges that in the year 1928 the White River Bridge Company, a Delaware corporation, executed a deed of trust with defendant New York Trust Company whereby it mortgaged to the trust company as trustee for the owners of $500,000 six per cent bonds to be issued by the bridge company certain of its property, including its franchise for a toll bridge in Arkansas and the toll bridge itself and its approaches.   Plaintiff is the holder of $10,000 of these bonds.

Section 3 of article V of the deed of trust provides that if any of the mortgaged property be taken by the exercise of the power of eminent domain, " the Trustee may release the property so taken   *   *   *   and shall be fully protected in doing so upon being furnished with a *written opinion of counsel*   *   *   *   to the effect that such property has been taken by the exercise of the power of eminent domain * * * *and upon the receipt by the Trustee of the proceeds of the property so taken*   *   *   *."

In the year 1930 the State of Arkansas by condemnation acquired title to this bridge property.   The only parties to that proceeding were the State of Arkansas, as plaintiff, and the White River Bridge Company and the New York Trust Company, as defendants.   The judgment in the Arkansas Circuit Court was entered September 18, 1930, *by consent* of all the parties, recites the existence of the deed of trust and adjudges that the value of the bridge company's property was $463,000, that the outstanding bonds then amounted to that sum, that the bridge company recover from the State the sum of one dollar damages " which, together with the assumption by the State of the above mentioned and described bonded indebtedness, shall be in full payment and compensation   *   *   *   and that the State of Arkansas shall, in accordance with the terms of the above described deed of trust, assume and pay to the holders of the outstanding bonds, aggregating $463,000 and interest due November 1, 1930, and thereafter   *   *   *."

Plaintiff, suing individually and on behalf of all others similarly situated, alleges in her complaint that defendant

*trust company's consent* to that judgment was given *without the receipt of the proceeds of the trust estate*, that its consent to the judgment and its release of the trust estate were grossly negligent, unauthorized and beyond the powers of defendant as trustee under the mortgage, that neither she nor any other bondholder has received interest on their bonds since November 1, 1933, nor ever received any part of the principal.

Defendant's answer pleads nine separate defenses and a tenth separate defense as a partial defense.

The questions certified by the Appellate Division are whether these defenses (except the seventh) are sufficient in law upon their face.

The first separate defense pleads section 1 of article IX of the mortgage, which provides that " the Trustee accepts the trusts hereby created *but only upon the terms and conditions set forth in this Article IX.*" It also pleads section 4 of article IX of the mortgage, which provides that the trustee " shall not be answerable or accountable for any act " of its attorneys " if reasonable care has been exercised in the appointment and retention thereof *nor shall the Trustee be otherwise answerable or accountable under any circumstances whatsoever, except for its own gross negligence or bad faith.*" This first defense then alleges that the trustee retained the firm of Robinson, House & Moses of Little Rock as counsel in the condemnation proceeding upon the advice of its New York counsel, that this Arkansas firm was competent and highly capable, and that the consent to the entry of the condemnation judgment was given by Robinson, House & Moses in behalf of the trustee. The second separate defense repeats the allegations of the first separate defense and alleges that it was not grossly negligent nor did it act in bad faith. The decision in *Doyle* v. *Chatham & Phenix Nat. Bank* (253 N. Y. 369, 380) is based upon the fact that defendant was guilty of negligently making a misrepresentation of fact. There is no such allegation in the complaint before us. The cause of action is based upon the allegation that defendant's consent to the Arkansas judgment was negligent, unauthor-

ized and beyond defendant's powers. Our decisions in *Benton* v. *Safe Deposit Bank* (255 N. Y. 260) and *Greene* v. *Continental Bank & Trust Co.* (267 N. Y. 519) appear to control.

The third separate defense pleads section 7 of article IX of the mortgage, which provides that the trustee may consult with counsel and that " *the opinion of such counsel * * * shall be full and complete authorization and protection in respect* of any action taken or suffered and in respect to any determination made by it hereunder *in good faith and in accordance with the opinion of such counsel.*" It also pleads that the trustee acted in good faith and in accordance with the opinion of counsel.

The fourth separate defense pleads that the trustee acted within its authority and " in the exercise of due care and its best business judgment as to the best interests " of the bondholders. The fifth pleads that the settlement of the condemnation suit prevented irreparable damages to the bondholders. The consent judgment provides for the assumption by the State of the bonded indebtedness as compensation for the taking. The sixth separate defense pleads the five-year Statute of Limitations of Arkansas, which includes actions for negligence. The complaint, without alleging that plaintiffs are residents of this State (Civ. Prac. Act, § 13; *Whiting* v. *Miller*, 188 App. Div. 825, 829; *Oglesby* v. *Cranwell*, 250 App. Div. 720), base their cause of action upon the fact that defendant's consent to the entry of the Arkansas judgment and its release of the trust estate was grossly negligent. In the absence of an allegation that plaintiff was a resident of this State, we adopt the rule that the Arkansas statute applies (Civ. Prac. Act, § 13; *Whiting* v. *Miller*, 188 App. Div. 825, 829; *Oglesby* v. *Cranwell*, 250 App. Div. 720), and that this defense is sufficient in law upon its face.

The eighth and ninth separate defenses allege laches in that plaintiff, with full knowledge of all the facts, refrained from commencing her action until March 2, 1937. The consent judgment had been entered September 18, 1930.

The tenth separate defense is pleaded as a partial defense and alleges an act of the Arkansas Legislature during the session of 1934, which provides for the payment of claims against the State Highway Commission and the pledging of the full faith and credit of the State of Arkansas for payment of these claims.

Merely as pleadings, these defenses appear to be sufficient in law upon their face. What facts a trial of the action might disclose are not before us.

The order should be affirmed, with costs, and the certified questions relating to the first, second, third, fourth, fifth, sixth, eighth, ninth and tenth defenses be answered in the affirmative.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed, etc.