**AMERICAN SURETY COMPANY OF NEW YORK, Plaintiff-Appellee.**

v.

**John H. C. GAINFORT, Defendant-Appellant.**

No. 150, Docket 23268.

United States Court of Appeals,
Second Circuit.

Argued Jan. 14, 1955.

Decided Feb. 1, 1955.

Walter Higgins, New York City, for plaintiff-appellee.

Lyle Evans Mahan, New York City, for defendant-appellant.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

CLARK, Chief Judge.

■ This is a defendant's appeal from a judgment rendered upon two California judgments of 1935, which normally would be enforceable in New York for twenty years. See N.Y. Civil Practice Act § 44. But New York's borrowing statute, N.Y.C.P.A. § 13, incorporates the shorter five-year period of limitations of California, Cal.Code Civ.Proc. § 336, where the claims arose, and thus would bar them except for the effect of another California statute, Cal. Code Civ.Proc. § 351, tolling all periods of limitation during the defendant's absence from that state. Here defendant concededly left California in September, 1936, and has not returned. We agree with Judge Conger, D.C.S.D.N.Y., 123 F.Supp. 743, that under these circumstances defendant is subject to suit in New York until New York's own period of enforceability has expired. Defendant argues that this result should not be reached when both plaintiff, an assignee of the original judgments, and he, as he contends, have been residents of New York since 1940. No New York case suggests such an exception to the general principle that the borrowed statute of limitations is accepted with all its accouterments, and certainly no California case implies such an overriding of the tolling provisions. True, this court in 1925 adopted a construction of N.Y. C.P.A. § 13 of a more limited nature; but that construction was withdrawn upon rehearing as not in accord with the decisions of the New York Court of Appeals. Irving Nat. Bank v. Law, 2 Cir., 10 F.2d 721, superseding 9 F.2d 536. So the position taken below seems now to be settled law in New York. See Hanna v. Stedman, 230 N.Y. 326, 337, 130 N.E. 566; Isenberg v. Rainier, 70 Misc. 498, 127 N.Y.S. 411, 414, affirmed 145 App. Div. 256, 130 N.Y.S. 27; Anglo California Nat. Bank v. Klein, 162 Misc. 898, 296 N.Y.S. 191, 201, per Shientag, J.; McGrath v. Helena Rubinstein, Inc., D.C.

S.D.N.Y., 29 F.Supp. 822, 824; 1943 Rep. N.Y.Law Revision Commission 134, 148–154; 1949 Rep. 781; 15 Calif.L.Rev. 343 (1927); 35 Col.L.Rev. 762 (1935). Affirmed.