■ LAWRENCE A. HILL, Appellant, v. BENJAMIN SCHANTZ, Respondent.— In an action to recover damages for injuries to person and property arising out of a collision between the parties' motor vehicles, the appeal is from an order denying a motion to strike out, as sham, the affirmative defense of the New Jersey two-year Statute of Limitations pleaded in respondent's answer (Rules Civ. Prac., rule 103). The accident occurred on November 3, 1955, in the State of New Jersey, at which time both parties were residents of that State. The summons and complaint were served on appellant, in the City of New York, on December 23, 1957. Appellant's motion was predicated upon the claim that the New Jersey Statute of Limitations, which concededly was applicable (cf. Ansbacher v. New York Trust Co., 280 N. Y. 79, 85; Civ. Prac. Act, § 13), was tolled under the provisions of the New Jersey statute (N. J. S. A. 2A:14–22), as respondent had removed from New Jersey to New York on or about October

25, 1957, before the expiration of the two-year period of limitation. Order affirmed, with $10 costs and disbursements. In our opinion, while the Statute of Limitations is tolled by reason of removal from the State, despite the provisions of the New Jersey statute (N. J. S. A. 39:7–2.1) permitting service of process upon the Director of the Division of Motor Vehicles (cf. *Gotheiner* v. *Lenihan*, 20 N. J. Misc. 119; *Whalen* v. *Young*, 28 N. J. Super. 543, revd. on other grounds 15 N. J. 321; *Blackmon* v. *Govern*, 138 F. Supp. 884), appellant failed to establish by the clear and decisive proof required on a motion to strike out as sham (cf. *Santasiero* v. *Briggs*, 278 App. Div. 15, 21; *Purdy* v. *McGarity*, 262 App. Div. 623, 625) that respondent removed from the State of New Jersey prior to the expiration of the statutory period. We do not pass upon the validity of the defense of the Statute of Limitations as applicable to the cause of action for property damage. (See N. J. S. A. 2A:14–1.) Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.