[L. A. No. 518.   Department Two.—November 19, 1898.]

In the Matter of the Estate of MORGAN G. KELLEY, Deceased.   FRANCES A. VAN VOORHIS, Executrix, Appellant, v. LUTHER C. RUSSELL, Public Administrator, Respondent.

ESTATES OF DECEASED PERSONS—NONRESIDENCE OF EXECUTOR—REMOVAL. Nonresidence is not made a disqualification to the appointment of an executor; but the appointee must, within a. reasonable time, personally submit himself to the jurisdiction of the court, and personally conduct the settlement of the estate; and if, after having qualified and filed an inventory, the executor again permanently departs from the state, he may be removed by the court, and an administrator with the will annexed may be appointed in his stead.

ID.—CONSTRUCTION OF CODE—PERMANENT REMOVAL OF EXECUTOR FROM STATE.—The phrase "permanently removed from the state," used in section 1436 of the Code of Civil Procedure, as a ground for revoking the letters of an executor, not only applies to a resident executor who has permanently removed from the state, but the reason for revoking the letters in such a case is equally applicable to a nonresident executor who has come to the state to receive his appointment. and then permanently withdraws from the state and remains away.

ID.—PROCEDURE TO REMOVE EXECUTOR—SUSPENSION.—The suspension of an executor before citing him to appear and show cause why his letters should not be revoked looks toward his removal; but it is not a necessary step, and the court may reach the ultimate object of removal by a direct proceeding therefor without a prior suspension.

ID.—INFORMATION OF JUDGE—PUBLIC ADMINISTRATOR.—The source of the information upon which the judge acts in removing an executor is immaterial. He may act upon his own knowledge or from credible information; and it cannot be objected that the public administrator, who has petitioned for such removal, is a volunteer, and has no interest in the estate.

APPEAL from a judgment of the Superior Court of Riverside county removing an executrix and appointing the public administrator as administrator with the will annexed. J. S. Noyes, Judge.

The facts are stated in the opinion.

Eugene Van Voorhis, and Curtis & Curtis, for Appellant.

L. Gill, for Respondent.

CHIPMAN, C.—Petition of Luther C. Russell, public administrator of Riverside county, praying that letters testamentary issued to Frances A. Van Voorhis be revoked, and that letters of administration with the will annexed be issued to him. The court gave judgment removing the executrix and appointing petitioner as prayed for, from which the executrix appeals on the judgment-roll alone.

The court found that deceased died testate January 7, 1895, naming appellant executrix; on January 28th she filed her petition for probate of the will and for letters testamentary, which duly issued February 11th, and she thereupon duly qualified as executrix; February 21st she filed her inventory and appraisement and took possession of the property of the estate; at that time she was a resident of the city of Rochester, Monroe county, state of New York; immediately after issuance of letters she returned to her home in Rochester, and has continuously resided and now resides there; she has not come into this state nor submitted herself to the jurisdiction of the court since her appointment, nor has she personally conducted the affairs of the estate;

she has never filed any account of her administration except an account filed November 16, 1897, and after application for her removal had been made by the public administrator.

"As a conclusion of law from the foregoing facts the court finds that the said Frances A. Van Voorhis . . . . has forfeited her right to further act as such executrix, and she is therefore removed as such executrix . . . . and that Luther C. Russell, public administrator . . . . is entitled to letters," et cetera.

The question presented is: Should the letters of a nonresident executor be revoked who, upon receiving his appointment and filing his inventory, permanently removes from the state and does not at any time return to personally conduct the business of the estate or place himself within the jurisdiction of the court? The executrix in this proceeding was appointed February 11, 1895, and filed her inventory February 21st. She then returned to her home in Rochester, New York, where she ever since has remained. The court found that she had not come into this state nor submitted herself to the jurisdiction of the court since her appointment, nor personally conducted the affairs of the estate. She was cited to appear and show cause why her letters should not be revoked. She appeared by attorneys, who filed a demurrer to the petition and also filed her first account. She did not appear personally, nor did she make any answer to the citation. We think the trial court had the power to revoke the letters, and that the findings justify its exercise.

The statute forbids the appointment of a nonresident as administrator. (Code Civ. Proc., sec. 1369.) Nonresidence, however, is not made a disqualification to the appointment of an executor. (Code Civ. Proc., sec. 1350.) It was held in *Estate of Brown*, 80 Cal. 384, that a nonresident named as executor in a will might apply for letters through an attorney and would be held to be constructively present for that purpose; but it was added: "Of course, the appointee must come here within a reasonable time and personally submit himself to the jurisdiction of the court, and personally conduct the settlement of the estate." The provisions for the "removals and suspensions in certain cases" of executors and administrators are found in sections 1436 to 1440 inclusive. The judge may suspend the powers

of an executor for various causes, among them: "Whenever
. . . . any executor . . . . has permanently removed from the
state" (sec. 1436); and it then becomes the duty of the judge
to cite the executor "to appear and show cause why his letters
should not be revoked." If he appear, and "the court is satis-
fied that there exists cause for his removal, his letters must be
revoked," et cetera (sec. 1437). The sections following relate
to the procedure upon the hearing. We do not think that the
court must first suspend the executor before citing him to appear
and show cause why his letters should not be revoked. The
suspension looks to the removal of the executor and is a step
toward it, but not a necessary one. Usually the grounds of sus-
pension would justify removal, but the former takes place with-
out a hearing, while the latter cannot. But as it becomes the
duty of the court to issue the citation after the suspension, we
see no reason why it may not reach the ultimate object—re-
moval—by a direct proceeding, as was done in this case. Section
1354 of the Code of Civil Procedure provides for the case of a per-
son absent from the state who is named as an executor, and there
is another who qualifies, the absentee may be admitted as joint
executor upon his return. The phrase "has permanently re-
moved from the state," in section 1436, may more properly refer
to a resident executor who has permanently removed from the
state, but the reason for revoking the letters in such case applies
equally to a nonresident executor who comes here to receive his
appointment and then permanently withdraws from the state and
remains away. It is his permanent absence from the place where
the business is to be transacted, beyond the process of the court
and where the creditors of the estate and others having business
with it cannot reach him, that creates the disqualification; and
this is equally true of both resident and nonresident executors.
Our laws are made to promote the interests and convenience of
our own citizens, and should be construed, if possible, within
the rules of construction, to promote their welfare. We do not
wish to be understood as destroying, by construction, the right
of the testator to name a nonresident as his executor; but we
do say that the statute should be so construed as to give ground
of removal of a nonresident executor when he fails to come
to this state and personally conduct the business of the estate

at such times and as frequently as the interests of the estate and of those concerned in its settlement may require. And the court, exercising a sound discretion, must be the judge as to what will constitute the permanent absence from the state.

If it be said that the public administrator is a volunteer, without any interest in the estate, and ought not to be heard by this petition, the answer is that it is immaterial how the judge obtains the information on which he acts. He may proceed "whenever . . . . from his own knowledge, or from credible information," the facts may appear. (Code Civ. Proc., sec. 1436.)

The judgment and order should be affirmed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Henshaw, J., Temple, J., McFarland, J.