[S. F. No. 15883. In Bank.—May 2, 1938.]

In the Matter of the Estate of THOMAS SHERWOOD GAINFORT, Deceased. NICHOLAS BARRON, as Administrator, etc., Appellant; CAROLINE PARISH, Respondent.

Llewellyn Toland, William John McMahon and Theodore Tamba for Appellant.

Norman H. Elkington for Respondent.

LANGDON, J.—This appeal is taken from orders of the trial court denying approval, allowance and settlement of the first and final account of an administration, sustaining exceptions to said account, revoking letters of administration with the will annexed, and directing payment of funds to the successor of said administrator.

Thomas Sherwood Gainfort died a resident of Dublin, Irish Free State, on August 15, 1932. He left a will which was probated in Dublin. On October 24, 1934, Nicholas Barron was appointed ancillary administrator of the estate in San Francisco. On April 3, 1936, he presented his report and petition for settlement of first and final account, in which it appeared that he had received the sum of $6,780.83, and after paying certain charges, had remitted the greater part of said sum, $5,786.91, to the executors in Ireland. Notice of hearing was given, and on April 14, 1936, Caroline Parish filed exceptions and a petition for revocation of letters. She alleged that the decedent left an estate of about $50,000 value, with property in San Francisco in the amount of $6,712.36; that one John Gainfort, son of the decedent, was a residuary legatee under the will; that said son was serving a term of

imprisonment in San Quentin penitentiary for embezzlement from four persons who held a judgment for $10,000 against him; that these persons had assigned their claim to her; that she had levied execution on his interest in the estate, and consequently was a person interested and entitled to except to the account.

At the hearing it was disclosed that the deputy sheriff who sought to serve the writ of attachment on the administrator called at his law office on April 16, 1935, and for several days thereafter, but was unsuccessful in locating him. Meanwhile the notice of attachment was filed with the clerk of the probate court, and presumably Mr. Barron, the administrator, was aware of this. On April 17th, while the officer was trying to locate him, Mr. Barron sent practically all funds of the estate, namely, the sum of $5,786.91, to the executors in Ireland. This was before the period for notice to creditors had elapsed, and without notice to anyone, or consent of the court. In the account, filed nearly a year later, no mention was made of this obvious attempt to escape the levy. It further appeared that John Gainfort, while incarcerated, had made an assignment of his interest in the estate to his wife, for consideration of love and affection, and that she had left the state. Mr. Barron, the administrator, had also departed.

Upon this showing the judge of the probate court, after severely condemning the fraudulent conduct of the parties, denied approval of the account, sustaining exceptions thereto, and revoked the letters of administration. The administrator then brought this appeal.

The position of appellant is that we should ignore the above facts and decide the matter on the following technical propositions: First, that the contestant, a mere creditor of a legatee, has no interest sufficient to file exceptions or seek revocation of letters; and, second, that an ancillary administrator may in good faith, after all claims and expenses are paid, transfer funds of the estate to the domiciliary executor or administrator without order of court. The briefs contain considerable discussion of these matters, particularly the question whether by the attempted levy of the attachment, petitioner acquired an interest sufficient to seek this relief. However, it is conceded that the court has power itself to revoke letters upon mismanagement by an executor or administrator (Probate Code, sec. 521), and certainly it is the duty of the

court to scrutinize the accounts of the personal representative. We have here a successful effort by the legatee, his wife as gratuitous assignee, and the administrator, to remove funds of the estate from this jurisdiction. The circumstances under which this was done raise an overwhelming inference of fraud, which is not dispelled by the assertion that the administrator acted in good faith. In our opinion, the court was fully justified in removing the administrator and in refusing to settle the account.

The orders appealed from are affirmed. Motion to dismiss appeal is denied.

Edmonds, J., Shenk, J., Curtis, J., Seawell, J., and Houser, J., concurred.

Rehearing denied.