68 Cal.App.2d 621 (1945)
Estate of HELEN ITEN TIERNEY, Deceased. FREDERICK SCRIBNER, as Testamentary Trustee, etc., Appellant,
v.
LYNDOL L. YOUNG, as Testamentary Trustee, etc., Respondent.
Civ. No. 14571. 
California Court of Appeals. Second Dist., Div. One. 
Apr. 2, 1945.
 Lillick, Geary, McHose & Adams, A. F. Mack, Jr., Donn B. Tatum and W. C. Black for Appellant.
 Lyndol L. Young, in pro. per., for Respondent.
 YORK, P. J.
 This is an appeal by Frederick Scribner, as trustee, from an order approving and settling the fourth account current and report of Lyndol L. Young, as surviving trustee under the will of Helen Iten Tierney, deceased, and as executor under the will of Katherine C. Iten, deceased cotrustee, and overruling objections and exceptions made thereto by said Frederick Scribner.
 The record herein discloses that Helen Iten Tierney died testate on February 12, 1938. Her will was probated and pursuant to paragraph fourteenth thereof, nominating and appointing Katherine C. Iten and Lyndol L. Young "as guardians of the estate of my three children, and as executors and trustees of this my last will and testament," her estate was distributed on December 14, 1938, to said Katherine C. Iten and Lyndol L. Young, as trustees, who administered the same until the death of Katherine C. Iten on February 6, 1943, at which time appellant Scribner was appointed as trustee in the place of said Katherine C. Iten, deceased.
 Katherine C. Iten appointed respondent Young as executor of her will, as well as trustee of a trust estate created thereunder. On May 10, 1943, respondent Young, as surviving trustee under the will of Helen Iten Tierney, deceased, and as executor of the will of Katherine C. Iten, deceased cotrustee, filed his fourth account current and report of cotrustees and petition for approval thereof, to which appellant filed his objections and exceptions.
 At the hearing on said petition and objections at which respondent Young testified and no evidence was adduced on behalf of appellant Scribner, the trial court made its order overruling the objections and approving the account. The instant appeal followed.
 Appellant here contends that the trial court was in error *623 in approving the trust accounts in regard to each of the following objections:
 "1. Objection to the loan of $100,000 out of the assets of the estate to Katherine C. Iten, one of the trustees, for her personal use and gain and without any order of court."
 "2. Objection to the investment of $70,000 in the Iten-Barmettler Biscuit Company, for stock known by the trustees to be of less value and in a company in which Katherine C. Iten was an officer and promoter, and who was represented by Lyndol L. Young, as her attorney."
 "3. A further objection to the $100,000 loan, the $70,000 investment and to said accounts upon the ground that a conflict of interest exists between Lyndol L. Young, Katherine C. Iten and the beneficiaries of the above estate, by virtue of their being in conflicting positions."
 "4. Objection on the ground that the investments were made in violation of the provisions of the will of Helen Iten Tierney, deceased, in that no investment counselor was consulted, and that the investments were not authorized."
 "5. Objection to the account upon the ground that:"
 "(a) No segregation as to each beneficiary as provided in the will;"
 "(b) Not supported by proper vouchers;"
 "(c) Does not show the true condition of the estate;"
 "(d) Not in sufficient detail;"
 "(e) That it cannot be determined what is income, exchange or sale of capital assets, or loss or gain of capital assets."
 "6. Objection to the payment of $1,000 a month to Lyndol L. Young in that it was excessive, and that it included trustee's and Guardian's fees performed by Lyndol L. Young as an attorney for himself as trustee and guardian."
 "7. Objections to specific items."
 The order from which this appeal is taken decrees as follows with reference to the various items to which the foregoing objections are directed:
 "That all of the accounts and all of the transactions of said trustees as set forth in said report and said fourth account current, both where mandatory and where done pursuant to their powers and discretion as said trustee, were in accordance with law and in accordance with the terms of the trust herein as set forth and declared in the last will and testament of the above named decedent and the decree of distribution *624 in the matter of the estate of the above named decedent; that the disbursements of said trustees from the estates of the beneficiaries and in connection with the administration of said trust, as shown by said exhibits and schedule of said account, where not mandatory under the terms of said decree of distribution, have all been duly made pursuant to the exercise of discretionary powers conferred upon said trustees by law, or in said decree of distribution and in accordance with the conditions and limitations therein prescribed;"
 "That all investments made for said trust are in securities authorized by law or by the terms of said trust and were carefully selected and made by said trustees for the purpose of serving the best interests of said trusts and all parties interested therein, and that the best interests of said trust, and all parties interested therein, have been served by the making and selection thereof by said trustees; and that on none of them have the trustees or either of them, made any profits, directly or indirectly;"
 "That the orders of this court placing the compensation of said petitioner, Lyndol L. Young, for his services as cotrustee, on an annual basis of $12,000.00 payable $1,000.00 per month, are hereby supplemented to include therein the services now being rendered by said petitioner as guardian of the persons of said minors, said petitioner having been appointed their personal guardian by this Court on the 4th day of March, 1944;"
 "That the advancement by said trust estate during the year 1942 to Mrs. Katherine C. Iten, grandmother of said minors and mother of said Helen Iten Tierney, deceased, of the sum of $100,000.00, as set forth in Schedule C-1 of said accounting, was for the benefit and to the best interests of said trust, and the beneficiaries thereof, and is hereby approved; that said loan was not in default on ... the date of said accounting; that the allegations set forth on pages 3, 4, 5, and 6 of said fourth account current and report of trustees with reference to said advancement are true;"
 "That it is to the benefit and best interests of said trust and of the beneficiaries thereof, and it is hereby ordered, that the loan of $100,000.00 which was made to said Katherine C. Iten on March 3, 1942, be extended for another year, to-wit: to and including March 3, 1944;"
 "That each and all of the objections and exceptions of *625 Frederick Scribner, trustee, to said fourth account current and report of trustees and petition for approval thereof, are untrue and are hereby overruled and denied;"
 "That the objection of said Frederick Scribner to the alleged investment by said Katherine C. Iten of $70,000.00 from funds of the trust estate in shares of the Iten-Barmettler Biscuit Company, is unfounded and untrue, it appearing to the court, and the court finds, that no funds of this trust estate were at any time invested by said trustees in shares of the capital stock of the Iten-Barmettler Biscuit Company;"
 "That said account shows a sufficient segregation as to the individual minors, beneficiaries of the trust estate, and as to their respective interests and as to the assets and expenses in the trust estate of each individual minor; that proper and sufficient vouchers have been filed with this court in support of said accountings;"
 "That the investments and re-investments set forth in said fourth account current were authorized, and were proper, and were in accordance with the terms of the last will and testament of Helen Iten Tierney, deceased, and were for the benefit and for the best interest of the trust estate and all the beneficiaries thereof, and are hereby approved; that said trust estate, and the beneficiaries thereof, greatly benefited by said investments and reinvestments;"
 "That the financial advisors named in the last will and testament of Helen Iten Tierney were not consulted in regard to the investment of trust funds; that the provision in said last will and testament of Helen Iten Tierney, deceased, with reference thereto, is advisory and not mandatory upon said trustees; that, however, it appears to the court and the court further finds, that the trustees did consult with E. F. Hutton & Company of Los Angeles, California, and the officers of the Security First National Bank of Los Angeles, California, with reference to the financial affairs of said trust estate;"
 "That said account is a full, complete, true and accurate accounting of said trustees and contains a full, complete, true and accurate account of all their dealings; that said account is in sufficient detail and form; that the evidence submitted at this hearing shows that the assets of the said trust are kept in a proper and legal place, and in the name and under the responsibility of said trustees; that it can be ascertained from *626 said account what is income, exchange and sale of capital assets and loss or gain of capital assets; ..."
 The court further found that the amounts paid out for trustees' fees were fair and reasonable, not excessive, unwarranted or improper; that the sale of bonds and securities was necessary, authorized, proper and for the benefit and best interests of the trust estate and the beneficiaries thereof; and that all of the administrative expenses were proper and necessary disbursements and for the best interests of said trust estate and the beneficiaries thereof, and approved each of said items.
 [1] With respect to accounting, the probate court is deemed "to be the guardian of estates and to have control of the person appointed by it to administer them"; that "independent of objections urged by any person, it is the duty of the court, of its own motion, to scrutinize the account carefully"; to correct all errors appearing therein and to disallow any item which is not a proper and legal charge against the estate. (11B Cal.Jur. 589; Estate of Bennett, 13 Cal.2d 354, 368 [90 P.2d 84, 126 A.L.R. 771]; Estate of Gainfort, 11 Cal. 2d 298, 300 [79 P.2d 97]; Estate of Roberts, 49 Cal.App.2d 71, 81 [120 P.2d 933]; Estate of DeBarry, 43 Cal.App.2d 715, 725 [111 P.2d 728].) Moreover, the "probate court has exclusive jurisdiction upon the settlement of the account, after notice to the parties interested, to determine what items of expenditure incurred during administration are proper charges against the estate. (Gurnee v. Maloney, 38 Cal. 85 [99 Am.Dec. 352].) The court in passing upon such expenditures is vested with a broad discretion which will not be disturbed on appeal except when abused. (Estate of Parker, 186 Cal. 668 [200 P. 619].)" (Estate of Lindauer, 53 Cal.App.2d 160, 165 [127 P.2d 589].)
 In Estate of Maddalena, 42 Cal.App.2d 12, 19 [108 P.2d 17], it was held: "The probate court is vested with power to supervise the conduct of administrators. If they neglect to procure authorization to perform acts, that court is the tribunal to approve or disapprove. The fact that economic losses may result to beneficiaries is not the sole criterion by which to measure the quality of the administrator's act. In the absence of a showing of bad faith upon his part or of an abuse of discretion by the trial court in approving the account, it *627 would be inappropriate for the appellate court to interfere with the action of the trial judge."
 [2] At the hearing herein, respondent Young was interrogated by the trial judge regarding each particular objection made to the account by appellant. To the questions so propounded, respondent made full and complete explanations and submitted himself to cross-examination by counsel for appellant. Without reciting such testimony in detail, suffice to say that this court after reading the reporter's transcript has concluded that the evidence presented amply supports the findings and order, and demonstrates to a degree that there was no abuse of discretion on the part of the trial court in approving the account and overruling the objections made thereto.
 For the reasons stated, the order appealed from is affirmed.
 Doran, J., and White, J., concurred.