## AMERICAN SURETY CO. OF NEW YORK
## v.
## GAINFORT et al.

United States District Court
S. D. New York.
May 3, 1954.

744

Walter Higgins, New York City, for plaintiff.

Lyle Evans Mahan, New York City, for defendant.

CONGER, District Judge.

This suit was tried without a jury upon seven claims for relief. The first six involve judgments obtained in California while the seventh involves fraud of creditors.

All the evidence in the case was documentary.

The following judgments were established:

June 13, 1935, Superior Court, County of San Francisco, in favor of S. Heyman against J. H. Gainfort in the sum of $2,220 with interest etc.

June 14, 1935, Superior Court, County of San Francisco, in favor of J. L. Dunscomb against John Gainfort et al. in the sum of $6,329 with interest etc., *nunc pro tunc* as of June 30, 1930.

May 25, 1925, Superior Court, County of San Francisco, in favor of San Francisco Hotel against J. H. C. Gainfort in the sum of $489.78 with interest etc.

May 9, 1925, Superior Court, County of San Francisco, in favor of Emma L. Hume against J. H. C. Gainfort in the sum of $9,516.97 with interest etc.; partially satisfied to extent of $830.58.

September 21, 1927, Superior Court, County of San Francisco, in favor of Lewis P. White against John H. C. Gainfort in the sum of $558.50 with interest etc.

October 4, 1929, Superior Court, County of San Francisco, in favor of Lewis P. White against John H. C. Gainfort and Isabel [sic] Gainfort in the sum of $782.10 with interest etc.

There is no question that the defendant John H. C. Gainfort is the same person against whom all of the foregoing judgments were entered. The defendant Isabelle Gainfort was not served with process in this action.

It is undisputed, and documents establish, that each of the judgments, except that in favor of the San Francisco Hotel, was assigned to one Caroline Parish at various times and reassigned by Caroline Parish to the plaintiff on July 19, 1940. Although the amended complaint alleges the assignment of the San Francisco Hotel judgment to Caroline Parish, there is no document nor other proof in support of the allegation, so that it is impossible to find that plaintiff is the owner of this judgment.

The sole defense of John H. C. Gainfort to these claims, aside from the plaintiff's lack of title to the San Francisco Hotel judgment, is the statutes of limitations of California and/or New York.

Section 13 of the New York Civil Practice Act provides in part as follows:

"Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the cause of action arose, for bringing an action upon the cause of action, except that where the cause of action originally accrued in favor of a resident of this state, the time limited by the laws of this state shall apply."

Section 13 above set forth requires the application of the California statutes since the period of limitation for suit on a judgment in that State is 5 years [1] while in New York it is 20 years.[2]

It is plain, therefore, that all of the judgments were barred by the California statute long prior to the commencement of this suit on August 30, 1949 unless some other provision of the California statutes saves them.

Section 351 of the California Code of Civil Procedure provides as follows:

"If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

It was stipulated on the record that defendant John H. C. Gainfort did not leave California until September, 1936. It is admitted that he has not returned to California.

He was there, nevertheless, for eleven years after the Hume and San Francisco judgment, and for nine and seven years after the respective White judgments. These judgments are not aided by section 351; and I hold that they are barred by section 336 of the California Code of Civil Procedure.

Gainfort departed from California about fifteen months after the Heyman judgment and has not returned. This judgment is not barred since his absence tolled section 336. Section 351, supra.

■ The Dunscomb judgment is somewhat unusual. It was entered on June 14, 1935 *nunc pro tunc* as of June 30, 1930. The defendant John H. C. Gainfort makes no point of the 1930 date but treats the judgment as having been entered in 1935. I believe the judgment's retroactive effect can only relate to the interest and has no significance with respect to the statute of limitations. Certainly the statute could not run against a non-existent judgment. Were I to regard June 30, 1930 as the date of the judgment it would result in the anomaly, for example, of a judgment entered long after the time to appeal from it had expired. California Rules on Appeal, Rule 2(a, b).

■ I hold that the Dunscomb judgment is not barred since the statute of limitations was tolled by the defendant John H. C. Gainfort's absence from California. Section 351, supra.

The seventh claim is substantially as follows: that one Thomas Sherwood Gainfort died in Dublin, Irish Free State on August 15, 1932 leaving, in addition to property in the Irish Free State, property consisting of $6,712.36 in cash on deposit with banks in San Francisco, California; that on October 24, 1934, in the Superior Court of California, one Nicholas Barron was appointed ancillary administrator c. t. a. of Thomas Sherwood Gainfort's California estate, and that he filed a bond in the amount of $5,000 upon which plaintiff was surety; that the defendant John H. C. Gainfort was residuary legatee and devisee of the decedent Gainfort's estate which residuary estate exceeded $25,000 in value; that during the pendency of the estate proceedings, defendant Gainfort assigned his interest to his wife, Isabelle Gainfort, which assignment was made to defraud creditors of the defendant John H. C. Gainfort, was without consideration and in contemplation of insolvency; that on April 17, 1935, Barron, at the direction of the Gainforts, pursuant to a conspiracy among all three, without authority, and to defeat creditors of defendant John H. C. Gainfort etc., transmitted to the Irish executors of the estate of the decedent Gainfort the sum of $5,786.91;

That on April 10, 1937, in the Superior Court in California, one Caroline

---

1. Calif. Code of Civil Procedure, § 336.

2. N. Y. Civil Practice Act, § 44.

Parish was appointed administratrix c. t. a. de bonis non of the Gainfort estate, Barron's letters having been revoked on February 27, 1937 upon Caroline Parish's petition; that thereafter, in May, 1938, Caroline Parish brought suit in the Superior Court against Barron, plaintiff American Surety and others on the bond of Barron and American Surety in the Gainfort estate, and on June 27, 1938 judgment was entered in favor of Caroline Parish in the amount of $5,000 which plaintiff herein paid; that various expenses set forth were incurred by plaintiff to protect its interest in the bond.

Various documents were offered [3] in support of this claim. In part they substantiate the allegations of the amended complaint with respect to the Gainfort estate proceedings.

The crux of the claim, however, is found in paragraphs 29 and 30 of the amended complaint which follow:

"29. The last aforementioned transfers and assignments were intended by the said defendants, and each of them, for the purpose of hindering, delaying and defrauding the creditors of said John Gainfort, by putting out of the power of said creditors to reach the said property of said John Gainfort. Said transfers and assignments were made and given voluntarily and without valuable consideration, and in contemplation of insolvency. At all times since said assignments and transfers, as aforesaid, said defendant Gainfort had and has no property or assets of any kind or at all, save and excepting the said property so transferred and assigned, as aforesaid, out of which an execution could be satisfied in whole or in part, and unless the said property can be applied to the payments of said Judgments, the same must remain wholly unpaid.

"30. On April 17th, 1935 the said Nicholas Barron, at the direc-

tion of the defendant Gainfort, and the defendant Mrs. Gainfort, and pursuant to a conspiracy, confederation and agreement with them, having the purposes hereinafter stated, and without warrant or authority and without the Order of said Court, and for the purpose of defeating the claims of creditors of the defendant Gainfort, and to remove the assets of the said estate beyond the borders of the State of California, transmitted and delivered to V. Jameson and R. Wallace Hamilton, executors of the Estate of Thomas Sherwood Gainfort in the probate proceedings then pending in the Irish Free State, the sum of $5,786.91."

The evidence offered to sustain these allegations is of questionable competency. For example, the plaintiff offered in proof of the allegations of paragraph 29 a judgment by default against Gainfort's wife in the California Superior Court case of Caroline Parish and other Gainfort creditors against Gainfort, his wife and three unknown defendants to set aside the assignment. It appears that Gainfort's wife was served by publication but that Gainfort was personally served and demurred to the complaint. No disposition of this demurrer is shown nor is there any judgment against Gainfort. The default judgment decrees that the assignment "is hereby declared fraudulent and void as to creditors of John Gainfort and as to plaintiffs above named."

The significance of this default judgment is highly speculative and various questions, hardly touched upon by the parties, are presented including, among others, the jurisdiction of the California court, the effect upon an assignor of a decree against an assignee, the effect of a decree in a proceeding in rem or quasi in rem against parties on notice.

Among the other proof offered are several documents relating to the proceedings in California to disallow Bar-

---

3. Many were marked for identification pending a determination as to relevancy, etc.

ron's account and revoke his letters, including an opinion of the Supreme Court of California affirming the lower court in which it was stated that the circumstances "raise an overwhelming inference of fraud". In re Gainfort's Estate, 11 Cal.2d 298, 79 P.2d 97, 98.

Since it clearly appears that this claim is barred by the statutes of limitations, I need not decide the competency of the documents, nor their relevance. Rather, I shall assume that they prove the charges contained in paragraphs 29 and 30 of the amended complaint.

These allegations amount to nothing other than a claim of fraud. Defendants are said to have entered into the assignment "for the purpose of hindering, delaying and defrauding the creditors of John Gainfort" (29); and to have transferred the California funds pursuant to a conspiracy with Barron "for the purpose of defeating the claims of creditors of the defendant Gainfort" (30).

This claim arose in California. If the statutes of that State are applied to it, the claim is not barred because of the defendant's absence from that State. Section 351, Calif.Code, supra. Except for such absence the claim would have been barred within three years after the discovery of the fraud [4] which occurred sometime in 1937–1938 when Caroline Parish commenced proceedings to revoke Barron's letters and/or to recover on the bond.

The defendant pleads, however, the New York statutes of limitations and contends that under either the six-year statute, section 48(5) C.P.A., or the ten-year statute, section 53 C.P.A., the claim is barred.

Section 13 of the Civil Practice Act, supra, after providing for the limitations upon causes of action arising outside of this State specifies that "where the cause of action originally accrued in favor of a resident of this state, the time limited by the laws of this state shall apply."

■ The plaintiff is a New York corporation and it holds this claim in its right and not as assignee. This action was commenced on August 30, 1949, over 11 years after the plaintiff paid the judgment in the Parish suit. It is clear then that whether or not the claim be based on actual fraud, section 48(5) C.P.A., or constructive fraud, section 53 C.P.A.; cf. Hearn 45 St. Corp. v. Jano, 283 N.Y. 139, 27 N.E.2d 814, 128 A.L.R., 1285, the claim is barred.

I might say here that the plaintiff offered no testimony nor contended that the defendant Gainfort was not available for service of process in New York since he left California in September, 1936 so that it might have the benefit of section 19 of the Civil Practice Act.

Since I have assumed that the plaintiff proved that which its seventh claim purported, I deny the defendant's motion to strike the exhibits marked for identification and admit them in evidence.

The plaintiff shall have judgment on the Heyman and Dunscomb claims; otherwise judgment is for the defendant.

---

4. Section 338, Calif.Code of Civil Procedure.