[Civ. No. 27496.   Second Dist., Div. Three.   May 19, 1964.]

Estate of ERNEST KOVACS, Deceased. MARY KOVACS, Petitioner and Appellant, v. EDITH ADAMS KOVACS, as Administratrix, etc., Objector and Respondent.

McGrew Willis for Petitioner and Appellant.

Beilenson, Meyer, Rosenfield & Susman and George C. Zachary for Objector and Respondent.

FILES, J.—The sole question presented by this appeal is whether appellant is a "person interested in the estate" within the meaning of Probate Code, section 522, who is entitled to a hearing on her petition for the removal of the administratrix.

On February 13, 1962, letters of administration were issued to the widow of the deceased, and she has served as administratrix ever since. On December 12, 1962, appellant, who is the mother of the deceased, filed a petition for removal of the administratrix. This petition, as amended on December 24, 1962, alleges in substance that the administratrix has been guilty of serious misconduct.*

The amended petition discloses two theories under which appellant initially claimed to have an interest in the estate. The first is that appellant was, as of that time, petitioning for her appointment as guardian of the minor children of the decedent, who are heirs of the decedent. Appellant subse-

---

*A demurrer was interposed upon the grounds, among others, that the petition was uncertain, ambiguous and unintelligible in several respects. The probate court has never ruled upon this demurrer, and we therefore avoid any comment as to the sufficiency of particular allegations of misconduct. We assume here, as did the probate court, that the petition contains sufficient factual allegations to state a cause of action for removal. The brief of the administratrix does not contend that the order could be affirmed upon the ground that the petition shows on its face that no cause of action exists.

quently abandoned her attempt to become guardian of these heirs, and this asserted ground of interest will therefore be disregarded.

Appellant's other theory of interest is based upon her rights in certain life insurance proceeds. Appellant's allegations on this subject are so well buried among recitals, immaterial matter and conclusions that we shall not attempt to state them in the words of the petition. The reporter's transcript of the argument in the probate court indicates that the attorney for the administratrix and the court both understood that the petitioner intended to allege, among other things, the following:

During his lifetime the decedent had purchased policies of life insurance on his life in the face amount of $50,000, naming appellant as beneficiary. As of the date of death these policies had a cash surrender value of $7,402.92. Before the death of decedent the federal government asserted an income tax lien against the cash surrender value of these policies. By reason of the pendency of this lien, the insurance company is holding $7,402.92 of the proceeds of the policies, and will continue so to do until the lien is released or foreclosed. It is the duty of the administratrix to pay from the assets of the estate whatever is owing to the federal government for taxes imposed against the decedent; and if the administratrix does devote the assets of the estate to the payment of this liability, the lien will be discharged and appellant will receive her $7,402.92 from the insurance company.

Although these facts are not all clearly alleged in the amended petition, it appears that the probate court was aware that appellant would have so alleged if given an opportunity to amend.

Upon the filing of the petition the court cited the administratrix to show cause why her letters should not be revoked.

The administratrix demurred to the amended petition upon several grounds and moved to quash the citation upon the ground, among others, that appellant is not a party interested in the estate and has no standing to institute proceedings to revoke letters of administration. The motion to quash was also made upon the ground that the petition lacked merit. Inasmuch as the merits of the charges against the administratrix were never considered or ruled upon by the probate court, it is unnecessary to discuss that subject here. In passing, it is noted that the attorneys for the administratrix have contended throughout that there has been no mis-

conduct and that the assets in the estate are insufficient to discharge all of the tax liabilities of the deceased.

After a hearing in which counsel argued the legal issues raised by the motion to quash, the court made an order, dated February 7, 1963, as follows: "Motion to quash granted on grounds petitioner not an interested party."

Appellant has appealed from that order, which, in effect, is a refusal by the probate court to make an order revoking letters of administration, and is appealable under Probate Code, section 1240.

Probate Code, section 521, provides that "Whenever a judge of the court has reason to believe from his own knowledge, or from credible information," that an administrator has mismanaged an estate, the court shall cite the administrator to appear for a hearing.

Probate Code, section 522, provides: "Any person interested in the estate may appear at the hearing and file allegations in writing, showing that the executor or administrator should be removed; to which the executor or administrator may demur or answer, and the issues shall be heard and determined by the court."

The code does not define the phrase "Any person interested" or enumerate the kinds of persons who fall within that category. The fact that the Legislature has seen fit to use a term of such generality suggests an intention that the right to a hearing be afforded liberally and not limited to a few easily identified classes such as creditors and heirs. Webster's Third New International Dictionary (1963) defines the word "interested" to mean "having a share or concern in some affair or project: liable to be affected or prejudiced."

Certainly there is no legislative intent that the removal of an administrator be made the concern of only a limited class of suitors. On the contrary, under section 521 the court may act on its own motion, and if the court sees fit to act upon the motion of any person whatsoever and finds grounds for removing the administrator, the removal is not erroneous merely because the moving party was not a "person interested." (*Estate of Gainfort*, 11 Cal.2d 298 [79 P.2d 97] ; *Estate of Kelley*, 122 Cal. 379, 383 [55 P. 136].)

Some helpful analysis may be found in cases involving other kinds of probate hearings where by statute participation is limited to persons who are "interested."

*Garwood* v. *Garwood*, 29 Cal. 514, was an appeal from an order denying to Joseph Garwood the right to contest the

account of an administratrix, under a statute which gave a right of contest to "any person interested in the estate." The Supreme Court concluded that Joseph had nothing but a spurious claim to heirship, which had been adjudicated against him in another proceeding, and upon this ground the order denying him the right to contest the account was affirmed. Before reaching this conclusion, the court made these observations (p. 519): "The rule is universal in all legal proceedings that parties not interested have no concern in them and cannot be allowed to intermeddle. If, then, a party seeks to interpose and participate in or originate a judicial controversy, and his right to interfere is denied, the first duty cast upon the Court is to determine whether such person has any interest whatever in the subject matter pending before it, and if it turns out he has none, he must be declared an intruder and excluded from any further participation. . . .

"[P. 520.] Doubtless, in a case like the present, which is to a certain extent a preliminary proceeding, the question rests very much in the discretion of the Court, and any doubt as to the question of interest ought to be resolved in favor of the petitioner; and however remote or contingent his interest may be, or, in other words, if he has the appearance of an interest, his right to contest ought not to be denied."

*Estate of Atwood*, 127 Cal. 427 [59 P. 770], was an appeal from an order removing an administratrix for failure to publish notice to creditors. The probate court had acted upon a petition for removal filed on behalf of the sister and niece of the deceased. It appeared that the estate was less than $1,500 and that the widow was entitled to have all of it set aside to her under what was then section 1469 of the Code of Civil Procedure. The Supreme Court concluded that there was no ground for removal of the administratrix and added, "Neither does it [the law] allow parties to come into court and put the machinery of the law in motion in matters in which they have no possible interest." (127 Cal. at 430.)

In *Estate of Brown*, 24 Cal.App.2d 573 [75 P.2d 658], a person having a contingent future interest under a will was held to have standing to object to the accounts of the executor. The order of the probate court summarily denying relief for lack of interest was reversed.

*Estate of Reinicke*, 44 Cal.App.2d 271 [112 P.2d 311], held that a judgment lien creditor of a beneficiary under a will had sufficient interest to contest the account of the executor. An order approving an account was reversed.

*Estate of Hart,* 51 Cal.2d 819 [337 P.2d 73], held that a person claiming property adversely to the estate had no standing to object to an account, but after that claimant had obtained a money judgment for costs payable out of the estate, he did acquire such an interest as to entitle him to be heard on objections to the administrator's account.

In interpreting Probate Code, section 370, which provides that "any person interested" may contest a will, the Supreme Court has held that the persons "interested" may include a contingent remainderman under a testamentary trust created by a prior will (*Estate of Plaut,* 27 Cal.2d 424 [164 P.2d 765, 162 A.L.R. 837]) and a judgment creditor of a disinherited heir of the decedent (*Estate of Harootenian,* 38 Cal.2d 242, 247 [238 P.2d 992]).

On the other hand, in *Estate of Land,* 166 Cal. 538 [137 P. 246]), a legatee under an earlier will was held not to be a "person interested" in contesting a later will because both wills gave that person exactly the same legacy.

■ The reasoning of the cited cases indicates that appellant here is a "person interested" who is entitled to a hearing under Probate Code, section 522.

Appellant is able to point to a definite financial benefit which will accrue to her if, as she alleges, the estate is solvent and if it is administered so as to pay the decedent's tax liabilities. If the taxes are paid by the administratrix, the $7,402.92 will be released to appellant. If the estate is wasted and the taxes not paid, the federal government will take the insurance money.

The admonition of the Supreme Court in the *Garwood* case (29 Cal. at p. 520) is that "any doubt as to the question of interest ought to be resolved in favor of the petitioner; and however remote or contingent his interest may be, or, in other words, if he has the appearance of an interest, his right to contest ought not to be denied."

The order is reversed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied June 17, 1964, and respondent's petition for a hearing by the Supreme Court was denied July 15, 1964.