Mary KOVACS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19953.

United States Court of Appeals
Ninth Circuit.

Jan. 7, 1966.

McGrew Willis, Beverly Hills, Cal., for appellant.

Manuel L. Real, U. S. Atty., Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Div., Los Angeles, Cal., John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Anthony Zell Roisman, Attys., Dept. of Justice, Washington D. C., for appellee.

Before CHAMBERS, HAMLEY and ELY, Circuit Judges.

HAMLEY, Circuit Judge:

The United States brought this action to foreclose tax liens upon the cash surrender value of two life insurance policies owned by the taxpayer, Ernest Kovacs, at the time of the latter's death on January 13, 1962. The defendants are Bankers National Life Insurance Company, which issued the policies, Mary Kovacs, mother of the taxpayer, who is the primary beneficiary under each policy, and Edith Adams Kovacs, as legal guardian of Bette Lee Kovacs and Kippie Kovacs, contingent beneficiaries under the policies.

Mrs. Kovacs filed a motion to dismiss the action on the ground that Edith

Adams Kovacs, as administratrix of the estate of Ernest Kovacs, is an indispensable party. This motion was denied, whereupon Mrs. Kovacs filed an answer in which the indispensable party issue was again raised, and dismissal was sought on the additional grounds of waiver and estoppel. Mrs. Kovacs also asked for an adjudication that the proceeds of the insurance policies are her property and that the United States has no right, title, interest or lien thereon; and for an order requiring Bankers Life to pay such proceeds to Mary Kovacs. The insurance company and Edith Adams Kovacs, as guardian ad litem for the children, filed answers disclaiming any interest in the proceeds of the policies.

The Government moved for summary judgment granting the relief prayed for in its complaint. This motion was granted and Mrs. Kovacs then took this appeal.

We first summarize the facts essential to the consideration of the several questions which are presented.

In 1951, Ernest Kovacs purchased two policies of life insurance from Bankers Life in the face amounts of $30,000 and $20,000. The primary beneficiary under each policy is Mary Kovacs, and the contingent beneficiaries are Bette Lee and Kippie Kovacs, children of the taxpayer. Prior to the death of the taxpayer, the Government filed tax liens against this insurance and other property in the total amount of $232,861.94. Of this sum, the Government claimed that $132,838.21 was owing separately from Kovacs, $90,369.07 was owing jointly from Kovacs and Edith Adams Kovacs, his wife, and $9,654.66 was owing separately from Edith Adams Kovacs.

Kovacs died on January 13, 1962, at which time the two policies referred to above had a combined cash surrender value of $7,402.92. Edith Adams Kovacs was appointed administratrix of her husband's estate. The Government filed a claim in the estate for the balances due on the tax liens. The estate was appraised at $1,966,472.88. There was additional joint tenancy property having a value of $124,000, and Edith Adams Kovacs was

named beneficiary of another life insurance policy in the face amount of $500,000.

In July and September, 1962, the Government entered into certain agreements with Edith Adams Kovacs as administratrix, and also in her individual capacity. Under these agreements she purchased from the estate certain real and personal property free and clear of tax liens. These agreements provided that the proceeds of these purchases were to be applied not against the earlier separate tax liability of Ernest Kovacs, but against the later joint income tax liabilities of Ernest Kovacs and Edith Adams Kovacs for the years 1958 through 1961. The result was that the liability of Edith Adams Kovacs in her individual capacity was reduced and the estate was depleted of monies which would otherwise have been available for the payment of the earlier separate tax liability of decedent.

In December, 1962, Mary Kovacs commenced proceedings in the Los Angeles Superior Court for the removal of Edith Adams Kovacs as administratrix on the ground that the latter had wrongfully mismanaged, wasted and neglected the estate. Mary Kovacs contended in that action that the administratrix has a duty to pay from the assets of the estate whatever is owing for taxes assessed against the decedent. If payment is made from the estate the lien which the Government has asserted against the cash surrender value of the policies in which Mary Kovacs is named beneficiary will be discharged.

This action was initially dismissed by the state trial court, but that decision was reversed on May 19, 1964. In re Kovacs' Estate, 227 Cal.App.2d 308, 38 Cal.Rptr. 612. In the further proceedings in the state trial court a judgment was entered on October 14, 1965, favorable to the administratrix. An appeal from that judgment is now pending.

We called for supplemental briefs on the question of whether the disposition of the appeal now before us should be held in abeyance pending final determination of the state proceeding. In thir respec-

tive supplemental briefs both parties have asked us not to delay disposition of this appeal. We accede to their request.

Mary Kovacs' principal contention on this appeal is that the cash surrender value of the two policies in question, of which she is the primary beneficiary, may not be taken without a finding that the taxpayer's estate is insolvent or that the Government has exhausted its remedies against the estate, or that it would be useless to proceed against the estate.

The claim of the Government to the cash surrender value of these policies does not rest upon transferee liability under section 6901(a) of the Internal Revenue Code of 1954 (Code). Nor is it predicated upon the taxpayer's insolvency. The Government's claim rests upon tax liens against all the property of the taxpayer, provided for under sections 6321 and 6322 of the Code.

This lien attaches to the cash value of any life insurance policies owned by the taxpayer, provided he has reserved the right to change beneficiaries or to receive the cash surrender value at the time the lien arose. It was held in United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135, that in such a case, upon the taxpayer's death, the proceeds pass to the beneficiary burdened with the federal lien in the amount of the cash value of the policy.

The Government now seeks to enforce that lien and may do so even though there may be other property in the estate adequate for all tax purposes. If there is an element of unfairness here, it is not one which is cognizable in this lien enforcement suit, but must be dealt with in the pending state proceedings referred to above.

■ Appellant argues that the soundness of the *Bess* rule should be reappraised in light of the facts of the case at bar and the seeming inequity which will result if the Government is allowed to foreclose its lien. The view that the insured's property interest in the cash surrender value ends at his death thus extinguishing any tax liens was flatly rejected by the Court in *Bess*. Until the Supreme Court chooses to depart from its pronouncement, we are obliged to follow the *Bess* case and its rationale.

The estate of the deceased taxpayer in *Bess* was insolvent at the time the Government sought to foreclose its lien. There is no such showing here. However, there is nothing in the *Bess* opinion which indicates that the insolvency of the taxpayer's estate is a condition precedent to the Government's right to foreclose its tax lien on the cash surrender value of the insurance policies.

To impose such a condition would accord the Government a status less than that of a secured creditor. This would be contrary to the underlying purpose of section 6321 of the Code. Also, to require the Government to pick out and foreclose only those liens which will create the least hardship on third parties, would impose a considerable burden on the revenue collection process. The hardship resulting from the foreclosure of tax liens after the death of a taxpayer stems not so much from the Government's action as from the failure of the taxpayer to discharge his tax liability.

■ Appellant argues that, in any event, no liens attached to the property of Ernest Kovacs since a lien does not attach under section 6321 until the delinquent taxpayer "neglects or refuses to pay the same after demand." The facts indicate that after the assessment of unpaid taxes was made on January 6, 1961, several payments were made toward the total liability. Appellant asserts that these payments, three of which were made by the taxpayer prior to his death and two of which were made from his estate, prove that there has been no neglect or refusal as required by section 6321.

All of these payments, however, have been applied to the taxpayer's liability for the year 1956. As for the assessment for 1957, there has been no reduction in that liability by either the taxpayer or the estate, and with regard to the 1957 liability there has been the requisite neglect and refusal. Since the assessed liability for the year 1957 is far in excess of the cash surrender value of the insur-

ance policies, there is no need to consider further the validity of the Government's liens for the unpaid taxes of 1956. See Bess v. United States, 357 U.S. 51, 55, 78 S.Ct. 1054.

In view of what is said above, the administratrix of the estate is not an indispensable party and it was appropriate to decide the case on the basis of a motion for summary judgment.

Affirmed.

CHAMBERS, Circuit Judge (concurring):

I concur in the foregoing simply because I think my oath requires me to do so. And, for the same reason, I assume Judge Hamley has written the opinion and Judge Ely has concurred.

Prima facie, it looks as if, within the limits of discretion permitted the government by the relevant statutes, an injustice is being done Mary Kovacs.